FILED
2022 JUN 6 PM 2:38
CLERK
U.S. DISTRICT COURT

Received
2022 JUN 3 PM 4:08
CLERK
U.S. DISTRICT COURT

Amanda S. Reynolds, Esq.
Utah State Bar No. 17393
3 Harvard Drive
Woodbury, NY 11797
(516) 838-0715
Amandasreynolds@gmail.com
*Attorney for Plaintiff Danny Carlson*

## IN THE UNITED STATES DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DANNY CARLSON, | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No.: |
| | Judge: To Be Assigned |
| CARRINGTON SQUARE, LLC, FOURSITE PROPERTY MANAGEMENT, LLC, BACH HOMES, LLC, THE LAW OFFICES OF KIRK A. CULLIMORE, KIRK A. CULLIMORE, an individual, and DAVID R. TODD, an individual, and DEFENDANTS XYZ CORP., | (Jury Demanded) |
| | Tier 3 Case |
| | Case: 2:22-cv-00372 Assigned To : Bennett, Jared C. Assign. Date : 06/03/2022 Description: Carlson v. Carrington Square Apartments et al |
| Defendants. | |

Plaintiff, Danny Carlson ("Danny" or "Plaintiff"), by and through counsel, complains and alleges against Defendants Carrington Square Apartments, FourSite Property Management, Bach Homes, The Law Offices of Kirk A. Cullimore, Kirk A. Cullimore, David R. Todd, and Defendants XYZ Corp., upon information and belief:

## PARTIES

1.      Plaintiff, Danny Carlson ("Danny" or "Plaintiff"), is a natural person and United States Citizen who presently resides in Taylorsville, Salt Lake County, Utah.

2.      Plaintiff formerly resided in an apartment located at 4751 W. Englishman Way, Apartment 104, in Kearns, Salt Lake County, Utah, 84118.

1

3.     Plaintiff resided at this location for approximately 78 months (about 6.5 years), from approximately 2014 to 2021.

4.     This apartment complex in which Plaintiff resided is known as Carrington Square Apartments.

5.     Plaintiff was a tenant of Carrington Square Apartments and utilized the premises as a private residence.

6.     Plaintiff leased his apartment from Carrington Square Apartments pursuant to a Lease Agreement ("Lease Agreement").

7.     Non-party, The Utah Department of Housing and Urban Development ("HUD"), entered into a Lease Agreement for the express benefit of Plaintiff.

8.     HUD supplemented Plaintiff's lease payment owed to Carrington Square Apartments in exchange for Plaintiff's occupancy for the duration of his tenancy.

9.     Defendant, Carrington Square, L.L.C. ("Carrington Square"), is a limited liability corporation organized and existing under Utah State law with a registered address of 11650 S. State Street, Suite 300, Draper, Utah, 84020, and with a principal place of business located at 5959 Cougar Lane, Kearns, Salt Lake County, Utah 84118.

10.     Defendant, FourSite Property Management, L.L.C. ("FourSite"), is a limited liability company organized and existing under Utah State law, with a principal place of business located at 11650 S. State Street, Suite 300, Draper, Salt Lake County, Utah 84020.

11.     Defendant, Bach Homes, L.L.C., ("Bach Homes"), is a limited liability corporation organized and existing under Utah State law, with a principal place of business located at 11650 South State Street, Suite 300, Draper, Salt Lake County, Utah, 84020.

12.     Defendant The Law Offices of Kirk A. Cullimore, LLC is not a registered business entity in Utah.

13.     Defendant The Law Offices of Kirk A. Cullimore, LLC, formerly did business as Kirk A. Cullimore & Associates, P.C.

14.     Defendant, The Law Offices of Kirk A. Cullimore, LLC, has a principal place of business located at 12339 South 800 East, Suite 100, Draper, Utah 84020.

15.     Kirk A. Cullimore & Associates, P.C. was previously a registered business entity under Utah Law, but its registration expired for failure to renew on September 30, 2013.

16.     At the time it was active, Kirk A. Cullimore & Associates, P.C., was a law office providing legal services in Utah.

17.     Following the entity's expiration, the entity continued operations as a debt collection and legal services provider in Utah under the name The Law Offices of Kirk A. Cullimore, LLC.

18.     Kirk A. Cullimore and David R. Todd are presently owners and/or employees or associates of The Law Offices of Kirk A. Cullimore, LLC.

19.     Defendant The Law Offices of Kirk A. Cullimore, LLC continued operations as a business following the business expiration and are presently operating the business.

20.     Defendants Kirk A. Cullimore and David R. Todd are attorneys, licensed to practice law in the State of Utah under Utah State Bar Numbers: 3640 and 13884, respectively, and hold themselves out as attorneys.

21.     Defendant, The Law Offices of Kirk A. Cullimore, by and through Defendants Kirk A. Cullimore and David R. Todd, hold themselves out as a business engaged in services including debt collection and legal services.

22. Defendant, The Law Offices of Kirk A. Cullimore, by and through Defendants Kirk A. Cullimore and David R. Todd, whether through oral or written agreement, course of dealing, or otherwise, hold themselves out as legal counsel and debt collectors on behalf of its clients or customers.

23. Defendants Kirk A. Cullimore and David R. Todd hold and have held themselves out as attorneys for Defendants at all relevant times.

24. Upon information and belief, Defendants Carrington Square Apartments, FourSite Property Management and Bach Homes retained Defendant Kirk A. Cullimore & Associates, P.C., to handle legal matters, including, among other things, debt collection and other claims.

25. Upon information and belief, Defendants Carrington Square Apartments, FourSite Property Management, Bach Homes and Defendants XYC Corporation, utilized debt collection and legal services provided by Defendants The Law Offices of Kirk A. Cullimore, LLC in exchange for compensation.

26. According to Defendant, Law Offices of Kirk A. Cullimore's website, as of December 16, 2021, "No firm files more eviction cases nor more collection cases for landlords [than Defendant Law Offices of Kirk A. Cullimore]."

27. "Defendants XYC Corporation" is the fictitious name for the prior property managers of the Carrington Square Apartments, whose names are presently unknown, but which entities are believed to have a principal place of business in Salt Lake County, Utah.

28. At all relevant times, Defendants XYC Corporation managed the Carrington Square Apartments prior to FourSite Property Management.

29.     Defendants Carrington Square Apartments, FourSite Property Management, Bach Homes and Defendant XYC Corporation are all entities covered by Utah's Fair Housing Act and the Americans with Disabilities Act.

## JURISDICTION

30.     Plaintiff hereby incorporates the preceding paragraphs 1 through 29, including all facts and allegations, as though fully set forth herein.

31.     The events giving rise to this Complaint occurred in Salt Lake County, Utah.

32.     This Court has subject matter and personal jurisdiction over all parties.

33.     The United States District Court possesses jurisdiction over this matter as a Utah State Court of general jurisdiction.

34.     This Complaint alleges violations of the Utah Fair Housing Act and Fair Housing Act as well as violations of the Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq*. and Section 04 of the Rehabilitation Act of 973, 29 U.S.C. Section 794a ("Section 504"), among others.

## VENUE

35.     Venue is proper in this Court because the events giving rise to the Complaint occurred in Salt Lake County and because various parties have principal places of business or residences in Salt Lake County.

## RULE 26(c)(3) TIER 3 DESIGNATION

36.      This case arises under Tier 3 as described under Rule 26(c)(3) of the Utah Rules of Civil Procedure.

## FACTS

37.    Plaintiff hereby incorporates all facts and allegations in the preceding paragraphs 1 through 36 as though fully set forth herein.

38.    Plaintiff joined the United States Army in 1986 and was discharged in 1988 by way of an Entry Level Separation ("ELS") based upon his medical diagnosis of Multiple Sclerosis.

39.    Due to his medical condition, Plaintiff is a "disabled person."

40.    As a disabled person, Plaintiff is a member of a protected class of citizens.

41.    Plaintiff is presently fifty-four (54) years old.

42.    Plaintiff is wheelchair-bound due to his disability; he is non-ambulatory.

43.    Defendant Bach Homes owns the premises located at 5959 Cougar Lane, commonly known as the Carrington Square Apartments.

44.    Defendant Carrington Square Apartments oversees the premises from Defendant Bach Homes, owner, whom it represents.

45.    Defendant Carrington Square Apartments, as Bach Homes' representative, oversees, operates, supervises, maintains, repairs and controls the premises where Plaintiff resided.

**Defendants Engaged in the Discriminatory Eviction of Plaintiff,**
**A Protected Person, On the Basis of Plaintiff's Disability & Income Source**

46.    Defendant Carrington Square Apartments and Plaintiff, along with HUD, entered into various lease agreements from about 2014 through 2021 pertaining to the lease of Plaintiff's apartment.

47.    Non-party HUD is a party to the Lease Agreements pursuant to their execution of the Utah Residential Rental Agreement with Carrington Square Apartments, whereby Section 8

benefits are paid to supplement Plaintiff's rent in exchange for Plaintiff's occupancy of the leased apartment which Plaintiff otherwise could not afford due to his disability and lack of income.

48.     At all relevant times, Plaintiff's source of income was comprised of Section 8 benefits and Social Security benefits.

49.     At all relevant times, Plaintiff resided at 4751 W. Englishman Way, Apt. 104, a one bedroom, one bathroom, ground floor apartment within the Carrington Square Apartments.

50.     Defendant, FourSite Property Management, is now and was at most, if not all, all relevant times the property manager retained on behalf of Carrington Square Apartments.

51.     As the property managers, FourSite Property Management and Defendants XYC Corporation were responsible for the operation, oversight, control, supervision, maintenance and repair of Carrington Square Apartments.

52.     Defendant Carrington Square Apartments evicted Danny on July 30, 2021, without sufficient and proper notice.

53.     According to Defendant Carrington Square Apartments and its agents or representatives, Carrington Square Apartments evicted Danny because Defendants needed to meet a construction "remodeling" deadline.

54.     To the contrary, Defendants discriminated against Plaintiff due to his disability and income source.

55.     Defendant Law Offices of Kirk A. Cullimore, Defendants' counsel, failed to properly advise Defendants as to the legal duties and obligations owed to its tenants, including Plaintiff, both, under the law and pursuant to the Lease Agreements.

56.     Defendant Carrington Square Apartments refused to renew Danny's lease upon the conclusion of the lease term on or around July 30, 2021.

57.    Defendant Carrington Square Apartments renewed Danny's lease on at least six prior occasions, from 2014 to 2021.

58.    The failure to renew Danny's lease constitutes an eviction.

59.    Defendants' unlawful eviction of Danny violates the Utah Fair Housing Act and the Lease Agreement provisions along with other applicable relevant laws and regulations.

60.    Plaintiff requested alternative accommodations from Defendant Carrington Square Apartments before the termination of his lease term.

61.    Defendants refused to accommodate Plaintiff by finding him alternative accommodations within its complex despite its obligations under the Fair Housing Act.

62.    Upon this request, Defendant Carrington Square Apartments, through its employees, agents and/or actors, initially informed Defendant that that request would be taken under advisement.

63.     Instead of accommodating Danny, Defendants ignored Danny's request and refused to provide him with alternative accommodations.

64.    Plaintiff further informed Defendants that he would independently install and/or acquire ADA-compliant amenities in his premises and incur the costs associated therewith.

65.    Defendants informed Danny that he was affirmatively not permitted to install any ADA-compliant amenities in his premises despite their absence.

66.    Defendants provided alternative accommodations to other, non-disabled persons around the same time of the construction remodeling project and at other relevant times – but not Danny.

67.    Defendants' refusal to offer Danny alternative accommodations rendered Plaintiff homeless.

68.     The Americans with Disabilities Act ("ADA") is a legislative response to the American tragedy that, "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." See, 42 U.S.C. Section 12101(a)(2).

69.     Section 504 requires entities that accept federal funds, such as the Defendants, to act in a manner that is equitable and non-discriminatory.

70.     Defendants' policies, practices, and procedures, generally, as well as Defendants' manner of implementing the construction remodeling project violated Plaintiff's rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.  See, 42 U.S.C. Section 12101-12213 and 29 U.S.C. Section 794 ("Section 504"), respectively.

71.     Defendant Carrington Square Apartments is an apartment complex located one quarter mile from the Utah Olympic Oval in Kearns, Utah, built for the 2002 Olympics.

72.     Kearns, Utah, a city that stood as a symbol of American patriotism in 2002, now bears a "Scarlett A," since these Defendants have transformed our neighborhood into one where disabled Americans now are -- not only not welcome – but where disabled citizens such as Danny "Need Not Apply."

73.     Plaintiff hereby commences suit in the interests of justice.

**Defendant Property Owners & Managers Intentionally, Maliciously and Recklessly Disregarded and/or Neglected Plaintiff, Resulting in Plaintiff's Serious Personal Injury.**

74.     In addition to the foregoing, during his tenancy, Danny, a disabled person, requested that Defendants provide and/or install safety grab bars in his bathroom to assist him with daily showers and mobility given his disability.

9

75.     Danny articulated these requests to Defendants Carrington Square Apartments, FourSite Property Management, and Defendants XYC Corporation, its agents and/or employees, on multiple occasions.

76.     Defendants, Carrington Square Apartments, FourSite Property Management, and Defendants XYZ Corp., by and through their employees and/or agents, failed to and/or refused to provide such accommodations despite Plaintiff's requests.

77.     On or about May 7, 2021, Danny fell in his bathroom and broke his right leg.

78.     Danny's fall and injury were caused by Defendants' negligence including the absence of handicap-assistive accommodations in his bathroom.

79.     Danny fell and suffered personal injury due to Defendants' refusal to supply him with the requested safety bars and handicap-assistive devices.

80.     As a result of this May 7, 2021, fall, Danny underwent invasive orthopedic surgery including the insertion of a titanium rod in his right leg.

81.     Defendants' failure to accommodate Danny's request(s) constitutes a violation of the Americans with Disabilities Act and other relevant statutes and regulations.

82.     Due to Defendant's refusal to provide ADA-compliant bars in his apartment, Danny underwent post-surgery physical rehabilitation for approximately five weeks.

83.     Defendants' failure to accommodate Danny and failure to renew his lease constitutes a violation of the Fair Housing Act, the Americans with Disabilities Act and a violation of the Lease Agreement(s), among other things.

84.     Defendant's intentional, willful and malicious treatment of Danny due to his disability and income source caused Danny severe and traumatic personal injury, further resulting in monetary damages, among other things.

85.     Following his fall and injury, Defendants then evicted Danny on July 30, 2021.

86.     Defendants represented to Danny that his lease could not be renewed because Defendants' subcontractors had to demolish the apartment to meet a remodeling project deadline.

87.     The remodeling of Carrington Square Apartments is a facade upon which Carrington Square intended to, and did, carry out discriminatory eviction practices.

88.     As a result of the foregoing actions and/or omissions by Defendants, collectively, Danny was, is now, and forever shall be damaged monetarily and personally, and has suffered out-of-pocket expenses, including legal and attorneys' fees and expenses, moving costs, and the costs associated with doctor's visits and other sequelae.

89.     Further, Danny suffered an exacerbation and/or aggravation of his underlying condition (i.e., Multiple Sclerosis) and suffered further personal injury, emotional distress and trauma at Defendants' hands.

90.     Sometimes, as betrays the unfortunate, the facts and circumstances do not fortune the humane; rather, they batter it. In so doing, they assault what it is right.  This case is one such case.

91.     As a result of the foregoing, Danny Carlson seeks solace in the law, humbly before this Honorable Court.

## FIRST CAUSE OF ACTION
## UTAH FAIR HOUSING ACT VIOLATIONS

92.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 91 and incorporates each paragraph herein by reference.

93.     The Utah Fair Housing Act prohibits discriminatory practices against protected persons.

94.     Under the Utah Fair Housing Act, it is a discriminatory housing practice to refuse to rent after the making of a bona fide offer, to refuse to negotiate for rental or otherwise deny or make unavailable a dwelling from any person, among other things.

95.     Under the Utah Fair Housing Act, it is prohibited to do or to fail to do any of the foregoing practices because of a person's disability.

96.     Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYC Corp. and the Law Offices of Kirk A. Cullimore owed Danny, a disabled and protected person, a duty to comply with the Fair Housing Act.

97.     Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYC Corp. and the Law Offices of Kirk A. Cullimore owed Danny a duty not to discriminate against him for any reason, especially because of his disability.

98.     Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYC Corp. and the Law Offices of Kirk A. Cullimore, breached their duty to Danny by failing to comply with the Utah Fair Housing Act when they discriminated against him because of his disability and source of income.

99.     As a result of this breach, Danny suffered and continues to suffer from personal injury.

100.    Defendants' acts and/or omissions proximately caused Danny's injuries.

## SECOND CAUSE OF ACTION
## DISCRIMINATION

101.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 86 of the complaint as if fully set forth herein.

102.    As set forth herein above, the Americans with Disabilities Act ("ADA") is a legislative response to the American tragedy that, "historically, society has tended to isolate and

segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." <u>See</u>, 42 U.S.C. Section 12101(a)(2).

103.    Section 504 requires entities that accept federal funds, such as Defendants, to act in a manner that is equitable and non-discriminatory.

104.    Defendants' policies, practices, and procedures, generally, as well as Defendants' manner of implementing the construction remodeling project violated Plaintiff's rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.  <u>See</u>, 42 U.S.C. Section 12101-12213 and 29 U.S.C. Section 794 ("Section 504"), respectively.

105.    Defendants breached their duty owed to Plaintiff, Danny, under the Americans with Disabilities Act by failing to treat Plaintiff, a disabled person, in a manner equal and commensurate with that of non-disabled persons.

106.    Specifically, Defendants breached their duty owed to Plaintiff by, among other things, failing to provide Plaintiff with alternative accommodations instead of evicting him on July 30, 2021.

107.    Defendants provided alternative accommodations to other tenants, and even provided a non-disabled tenant with housing in a handicapped unit while, at the same time, depriving Plaintiff, a disabled person, with the opportunity to reside in that handicapped unit at or around the time of his eviction on July 30, 2021.

108.    As a result of Defendants' breach of their duty owed to Plaintiff, and as a result of their untoward discrimination, Plaintiff suffered injury in the form of monetary damages.

109.    Defendants' breach of duty was the cause-in-fact of Plaintiff's injuries.

110.    Defendants' breach of duty in the form of discrimination was the proximate cause of Plaintiff's injuries.

111.    Plaintiff hereby directs recourse to this Honorable Court accordingly.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

112.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 111 and incorporates each paragraph herein by reference.

113.    Defendant Law Offices of Kirk A. Cullimore held and/or holds itself out as legal counsel for some or all of the remaining Defendants and/or, through its course of dealing, created such a relationship.

114.    Defendant Law Offices of Kirk A. Cullimore owed Plaintiff a duty since plaintiff is a third-party beneficiary and fourth-party beneficiary of its contract and/or agreement for legal services with the other, property management defendants.

115.    At all relevant times, Defendant Law Offices of Kirk A. Cullimore serves and/or served as legal counsel for Defendants, Bach Homes, Carrington Square Apartments, FourSite Property Management and Defendants XYC Corporation.

116.    As legal counsel to Defendants, Law Offices of Kirk A. Cullimore, owed Defendants a duty to inform them of its legal obligations under this Act and pursuant to the Lease Agreements.

117.    Defendant Law Offices of Kirk A. Cullimore owed Defendants a duty to fully and properly investigate the facts and circumstances regarding its legal inquiries with respect to the renovation project and attendant housing issues arising therefrom.

118.    Defendant Law Offices of Kirk A. Cullimore breached its duty to its clients (Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management, and XYC Corporation) when it failed to advise them properly and soundly, to wit, by failing to inform the property owner and property management Defendants of their legal duties and obligations under the law and under the Lease Agreement particularly as regarded Plaintiff.

119.    Defendant Carrington Square Apartments entered into a written contract with Utah Housing and Urban Development ("HUD" or "Section 8") pertaining to the Lease of the subject apartment in which Plaintiff resided.

120.    Plaintiff was a beneficiary of the contract entered into between Defendant Carrington Square Apartments and Utah Housing and Urban Development by virtue of the supplementation of the consideration paid by HUD for the lease of Plaintiff's apartment.

121.    The contract (or, Lease Agreement) between Defendant Carrington Square Apartments and HUD expressly confers a separate and distinct benefit upon Plaintiff.

122.    Accordingly, Plaintiff is an express third-party beneficiary of the Lease Agreement between Carrington Square Apartments and HUD.

123.    Defendant Carrington Square Apartments and HUD undertook and agreed to this Lease Agreement for Plaintiff's direct benefit.

124.    The Lease Agreement between Defendant Carrington Square Apartments and HUD affirmatively and clearly expresses this intention to benefit Plaintiff.

125.    Plaintiff benefitted directly from the Lease Agreement between Defendant Carrington Square Apartments and HUD by virtue of his occupancy of the apartment.

126.    Defendants knew or reasonably should have known that the contract (or, Lease Agreement) was intended to, and did, benefit Plaintiff, as tenant.

127.     As a result of Defendant Law Offices of Kirk A. Cullimore breach of duty owed to the property owning and property managing Defendants, and by virtue of Plaintiff's status as a third-party beneficiary under the contract between Defendant Carrington Square Apartments and HUD, in turn, Defendant Law Offices of Kirk A. Cullimore breached its duty to Plaintiff.

128.     Plaintiff suffered damages as a result of Defendant Law Offices' breach of its duty.

129.     Plaintiff's damages were caused-in-fact by Defendants' breaches of their duties owed pursuant to the aforementioned contracts and under the common law and statute.

130.     Plaintiff's damages were proximately caused by Defendants' collective breaches under the Fair Housing Acts.

**FOURTH CAUSE OF ACTION**
**AMERICANS WITH DISABILITIES ACT VIOLATIONS**

131.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 130 and incorporates each paragraph herein by reference.

132.     The Americans with Disabilities Act of 1990 ("ADA") was promulgated to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."

133.     The ADA protects individuals with disabilities, including those individuals with a physical or mental impairment that substantially limits one or more major life activities.

134.     Plaintiff Danny Carlson suffers from Multiple Sclerosis and is a disabled individual with a physical impairment that substantially limits one or more major life activities.

135.     Plaintiff Danny Carlson is, therefore, qualified as a person with a disability as defined by the ADA.

136.   Defendants subjected Plaintiff to discrimination by reason of the Defendants' denial of the benefits of housing accommodations afforded to others without disabilities.  See, 42 U.S.C. Section 2131-12133.

137.   Defendants breached their duty owed to Plaintiff by failing to comply with the Americans with Disabilities Act through, among other things, failing to provide Plaintiff with accommodations to his demised premises including a handicap ramp, safety bars in his bathroom, appropriate doors and other ADA-approved amenities that would have served to assist Plaintiff with his physical impairment, and, without which, substantially limited his major life activities.

138.   Defendants' discriminatory acts and/or omissions caused and continue to cause Danny to suffer irreparable harm in the nature of humiliation, limitations on his freedom, loss of opportunity, loss of time and inhibited quality of life, well-being and, most importantly, by permanently assaulting his basic integrity as a human and United States citizen.

139.   Each of the discriminatory actions identified above presents a tangible and substantial deprivation of Plaintiff's much-cherished independence and personal dignities.  The injuries Plaintiff sustained as a result of Defendants' discrimination are ongoing and will continue until corrected by this Honorable Court or via the issuance of an injunction.

140.   Plaintiff incurred costs for moving relocation, out-of-pocket expenses for movers, hotel, and rent, replacement of damaged property during that relocation, and time lost from his life as a result of this repugnant discrimination.

141.   Defendants' breach of duty owed to Plaintiff caused Plaintiff to suffer personal and monetary injuries entitling him to compensation.

142.   Defendants' repugnant discriminatory actions forced Plaintiff to engage the services of an attorney; therefore, Plaintiff is entitled to an award of attorneys' fees and costs.

143.     Defendants breached their duties owed to Plaintiff by failing to comply with the Americans with Disabilities Act.

144.     Defendants' breach of their duties owed to Plaintiff under the Americans with Disabilities Act was the cause-in-fact and proximate cause of Plaintiff's injuries.

145.     Defendants acts and/or omissions constituted willful, intentional and malicious acts and/or acts taken with reckless disregard for the sanctity of human decency and integrity and, are therefore, subject to punitive damages.

146.     Plaintiff now directs recourse to this Honorable Court accordingly.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT

147.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 146 and incorporates each paragraph herein by reference.

148.     Defendant Carrington Square Apartments and Utah's Department of Housing and Urban Development, along with Plaintiff, entered into various Lease Agreements from 2014 to 2021 for the lease of an apartment in which Plaintiff resided.

149.     Defendant Carrington Square breached the terms of the contract.

150.     As a result of Defendant's breach of contract, Plaintiff suffered damages.

151.     Plaintiff's damages were caused-in-fact by Defendant's breach of contract.

152.     Defendant's breach of contract proximately caused Plaintiff's damages, who was a third-party beneficiary under the contract.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE

153.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 152 and incorporates each paragraph herein by reference.

154.    Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation, owed Plaintiff a duty to reasonably own, operate, maintain, repair, supervise and control the subject premises in a reasonable and safe manner.

155.    Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation, breached their duty to Plaintiff by failing to properly own, operate, maintain, control, supervise and repair the premises in a reasonably safe manner.

156.    As a result of Defendants' breach of duty, Plaintiff suffered personal injury when he fell in his bathroom due to the absence of previously-requested safety bars and other ADA-compliant assistive devices, among other things.

157.    Plaintiff's injury was proximately caused by Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation's breach of duty by failing to, among other things, discharge their duty to reasonably own, operate, maintain, control, supervise and maintain the premises in a reasonably safe manner, especially in a reasonably safe manner for a disabled and protected person such as Plaintiff.

158.    Defendants' acts and or omissions were the cause-in-fact of Plaintiff's injury.

159.    Plaintiff suffered and continues to suffer damages as a result of Defendants' negligence, recklessness and willful and/or malicious failure to act.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION TRAINING & SUPERVISION

160.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 159 and incorporates each paragraph herein by reference.

161.    At all relevant times, Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation were responsible for the ownership,

oversight, operation, control, maintenance, supervision and repair of the property and to keep the property in a reasonably safe condition for its lessees, tenants and invitees.

162.   Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation, as the owners and managers of the property, had a duty to properly hire, retain, train and supervise its employees and agents.

163.   Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation, owed this duty to Plaintiff, a tenant.

164.   Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation, breached this duty by failing to properly hire, train, supervise and retain employees.

165.   Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation's breach of this duty caused Plaintiff to sustain severe personal and emotional injuries.

166.   Defendants' Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation breach of this duty was the cause-in-fact of Plaintiff's injuries.  But-for this breach of duty, Plaintiff would not have been injured.

167.   Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYZ Corporation and damages and proximately caused Plaintiff's injuries and damages.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION & SUPERVISION
## (KIRK A. CULLIMORE & ASSOCIATES)

168.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 167 and incorporates each paragraph herein by reference.

169.    As counsel for Defendants Bach Homes, Carrington Square Apartments, FourSite Property Management and XYC Corporation, Defendant Law Offices of Kirk A. Cullimore owed the property management Defendants a duty to provide proper and sound legal advice.

170.    Defendant Kirk A. Cullimore & Associates, P.C., its employees agents and representatives, failed to provide proper and sound legal advice to its clients, Defendants.

171.    By virtue of the Lease Agreement with Utah's Department of Housing & Urban Development ("HUD") and with Tenant Plaintiff, Plaintiff was a third-party beneficiary and/or fourth-party beneficiary of this legal contract and/or agreement between Defendants Kirk A. Cullimore & Associates and the property management Defendants.

172.    It follows that Defendant Law Offices of Kirk A. Cullimore, thus, also breached its duty owed to Plaintiff by failing to, among other things, properly hire, train, supervise and retain employees responsible for providing proper and sound legal advice to Defendant Carrington Square Apartments.

173.    Defendant's breach of duty includes, but is not limited to, the failure to properly investigate, research and review its client's files, to properly understand and analyze any and all applicable laws pertaining to the facts contained in its clients files and learned through proper and reasonable investigation, its failure to communicate with its client and adversaries, among others, and its failure to discharge proper and sound legal advise based upon its investigation and research into the facts and laws attendant thereto.

174.    Plaintiff suffered irreparable injury as a result of Defendant Kirk A. Cullimore & Associates, P.C.'s failure to properly hire, retain, supervise and train its employees and/or agents with respect to the applicable laws and regulations setting forth their duties owed to Plaintiff.

**NINTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Law Offices of Kirk A. Cullimore, LLC)**

175.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 174 and incorporates each paragraph herein by reference.

176.    Plaintiff, lessee, entered into a lease agreement with Defendant Carrington Square Apartments, lessor.

177.    Defendant Carrington Square entered into a contract and/or agreement with Defendant Law Offices of Kirk A. Cullimore for attorney services.

178.    By virtue of the contract between Plaintiff and Defendant Lessor, Carrington Square Apartments, Plaintiff was and is a third-party beneficiary of the contract between Defendants, Carrington Square Apartments and Defendant Law Offices of Kirk A. Cullimore.

179.    Defendant Law Offices of Kirk A. Cullimore owed Defendant Carrington Square Apartments a duty under the agreement and/or contract with Defendant Carrington Square Apartments, and under the law.

180.    Defendant Law Offices of Kirk A. Cullimore owed Plaintiff a duty under the contract with Defendant Carrington Square Apartments and under the law.

181.    Defendant Law Offices of Kirk A. Cullimore, breached its duty to Carrington Square Apartments by failing to discharge proper legal advice, including the advice not to violate the Fair Housing Act, among other things.

182.    As a result of Defendant Law Office's breach of its duty to Defendant and to Plaintiff, Plaintiff suffered and continues to suffer damages.

183.    Defendant Law Offices of Kirk A. Cullimore's breach of its duty owed is the cause-in-fact of the damages sustained and incurred by Plaintiff.

184.    Defendant Law Offices of Kirk. A. Cullimore's breach of duty constitutes a proximate cause of the damages sustained and incurred by Plaintiff.

185.    Plaintiff Danny Carlson was discriminated against by Defendant Carrington Square Apartments because of his disability.

186.    Defendant Law Offices of Kirk A. Cullimore failed to discharge its duties to its client, Defendant Carrington Square Apartments, resulting in illegal and egregious discrimination against Plaintiff Danny Carlson based upon his classification as a protected, disabled person under the law.

**TENTH CAUSE OF ACTION**
**FRAUDULENT MISREPRESENTATION**
**(Law Offices of Kirk A. Cullimore, LLC, David R. Todd, Kirk A. Cullimore)**

187.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 186 and incorporates each paragraph herein by reference.

188.    Defendant Law Offices of Kirk A. Cullimore, LLC, at all relevant times, held itself out to Plaintiff as attorneys for the remaining Defendants.

189.    Defendant, Law Offices of Kirk A. Cullimore, LLC, is not a registered business entity duly existing under the Utah law.

190.    Defendant, Law Offices of Kirk A. Cullimore, LLC, represented to Plaintiff at all relevant times, that it was and is the legal counsel and only legal counsel for the remaining defendants.

191.    In fact, Defendant Law Offices of Kirk A. Cullimore, LLC, is not registered to operate as a business entity in Utah under Utah State Law since its business registration previously expired.

192.    Defendants made a false statement about an important fact.

23

193.    Defendant, Law Offices of Kirk A. Cullimore, made the statement through its agents or employees, Defendants Kirk A. Cullimore and David R. Todd, knowing it was false, or made the statement recklessly and without regard for its truth.

194.    Defendants, Law Offices of Kirk A. Cullimore, David R. Todd and Kirk A. Cullimore, intended that Plaintiff would rely on the statement.

195.    Plaintiff reasonably relied on the statement.

196.    Plaintiff suffered damages as a result of relying on the statement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Danny Carlson prays for relief as follows:

1.  For judgment in favor of Plaintiff and against Defendants in damages, in amounts to be proven at trial, including attorneys' fees and costs, caused by Defendants' breaches of

2.  For punitive damages, arising from Defendants' collective willful, malicious and contumacious acts, and as a result of Defendants' violations of the Utah Fair Housing Act, Americans with Disabilities Act, violations of the Lease Agreement, and under all applicable federal and state laws.


Dated: June 1, 2022
        Woodbury, NY

                              Counsel for Plaintiff
                              Daniel Carlson

                               /s/ *Amanda S. Reynolds*
                              Amanda S. Reynolds, Esq. (Bar No. 17393)
                              3 Harvard Drive
                              Woodbury, NY 11797-3302
                              (516) 838-0715
                              amandasreynolds@gmail.com

<u>**VERIFICATION**</u>

I, <u>Danny Carlson</u>, am the Plaintiff in this action.  I have read and reviewed the foregoing Complaint against Defendants. I duly swear and affirm that all the allegations contained herein are true and accurate to the best of my knowledge and/or will be proven true upon further discovery and investigation.

Dated:  June 1, 2022
Taylorsville, Utah

_____/s/ *Danny Carlson*_____

Danny Carlson, Plaintiff