IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Danny Carlson,<br><br>    Plaintiff,<br>v.<br><br>Carrington Square et al.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DISCOVERY<br><br>Case No. 2:22-cv-372 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

  Plaintiff moves the court for an initial scheduling conference and submits a proposed scheduling order as part of his motion.[1] (ECF No. 30.) On June 6, 2022, the court entered an Order to Propose Schedule directing the parties to perform certain actions relative to scheduling. (ECF No. 7.) Among the requirements are if the parties fail to agree on an Attorney Planning Meeting Report or on a stipulated Motion for Initial Scheduling Conference, Plaintiff must file a Motion for Initial Scheduling Conference.

  On August 2, 2022, Defendants filed a motion to dismiss. (ECF No. 24.) After the parties could not agree on an Attorney Planning Meeting Report, Plaintiff filed the instant motion consistent with the requirements in the Order to Propose Schedule. Defendants oppose the motion contending that their motion to dismiss should be resolved first. Then, Defendants agree to set reasonable discovery deadlines within two weeks after the court issues an order on the motion to dismiss. Moreover, according to Defendants, a scheduling order is premature at this point because they have yet to file an answer to Plaintiff's complaint.

---

[1] This matter is referred to the undersigned from Chief Judge Shelby pursuant to 28 U.S.C. § 636(b)(l)(A). (ECF No. 34.)

Although Plaintiff complied with the Order to Propose Schedule, the court agrees with Defendants' position. Because Defendants' motion to dismiss could potentially dispose of this action, or at least resolve certain claims simplifying the matter, the court concludes that entering a scheduling order and commencing discovery is premature. This conclusion is within the court's broad discretion to control the timing and sequence of discovery "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3); *see also Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery") (quotations and citations omitted); *Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc.*, No. 1:10-CV-00209, 2011 WL 13136539, at *1 (D. Utah Mar. 1, 2011) ("[U]nder certain circumstances the court may utilize its discretion to alter the timing, sequence, and volume of discovery.") (quotations, citation, and footnote omitted). In addition, it is consistent with other decisions from this court when facing similar circumstances. *See, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, No. 1:20-CV-044-JNP-JCB, 2020 WL 4674148, at *2 (D. Utah Aug. 12, 2020) (denying motion for initial schedule conference because a motion to dismiss was pending); *Craft Smith, LLC v. EC Design, LLC*, No. 2:16-CV-01235-DB-PMW, 2018 WL 1725465, at *1 (D. Utah Apr. 6, 2018) (staying all discovery in the action pending resolution of a motion to dismiss); *Rupp v. Transcon. Ins. Co.*, No. 2:07-CV-333-TC-PMW, 2008 WL 3193069, at *1-2 (D. Utah Aug. 6, 2008) (denying motion for scheduling conference and concluding that discovery would be premature while dispositive motions were pending). Based on the facts presently before the court, the interests of justice and equity do not dictate scheduling an initial scheduling conference as asserted by Plaintiff.

For these reasons, Plaintiff's Motion for Initial Scheduling Conference is DENIED.

IT IS FURTHER ORDERED that Plaintiff is to propose a schedule to Defendants in the form of a draft Attorney Planning Meeting Report within 14 days after the court issues its ruling on Defendants' motion to dismiss. Within 7 days after receipt of the draft Attorney Planning Meeting Report, the parties shall meet and confer and do one of the following:

    a.    When the parties agree on the discovery schedule, Plaintiff must file a jointly signed stipulated **Motion for Scheduling Order** and email the appropriate stipulated Proposed Scheduling Order,[2] in a word processing format to utdecf_pead@utd.uscourts.gov.

    b.    When the parties disagree on the discovery schedule and agree a hearing is needed, Plaintiff must file a jointly signed Attorney Planning Meeting Report detailing the nature of the parties' disputes and a stipulated motion requesting the court schedule an Initial Scheduling Conference. The parties are to include any competing scheduling orders.

    c.    When the parties are unable to agree on the discovery schedule and the need for a hearing, Plaintiff must file a Motion for Initial Scheduling Conference that includes Plaintiffs proposed discovery schedule. A response to the motion must be filed within seven (7) days and include Defendants' proposed discovery schedule.

IT IS SO ORDERED.

DATED this 26 September 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] For patent cases, please use the Proposed Patent Case Scheduling Order. For general civil litigation cases, please use the Proposed Civil Scheduling Order. For administrative cases filed under DUCivR 7-4, please use the Proposed Administrative Scheduling Order.