IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANNY CARLSON, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARRINGTON SQUARE, LLC, FOURSITE PROPERTY MANAGEMENT, BACH HOME, LLC, THE LAW OFFICES OF KIRK A. CULLIMORE, KIRK A. CULLIMORE, an individual, DAVID R. TODD, an individual, and DEFENDANTS XYZ CORP,<br><br>　　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00372 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Defendants Carrington Square, LLC, Foursite Property Management, LLC, and Bach Homes, LLC, (jointly Defendants), move the court to compel Plaintiff to provide complete responses to Defendants' discovery requests. For the reasons set forth herein the court grants the motion in part.[1]

## BACKGROUND[2]

　　　　Plaintiff has Multiple Sclerosis and is considered a "disabled person." Plaintiff is wheelchair bound, non-ambulatory, and is 54 years old. Plaintiff and Defendant Carrington Squire Apartments entered into various lease agreements from 2014 through 2021. Non-party HUD became a party to the lease agreements "pursuant to their execution of the Utah Residential

---

[1] This matter is referred to the undersigned under 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial maters. (ECF No. 34.)

[2] The court takes the following facts from the Complaint. The court references the original Complaint and notes that Plaintiff has a motion to file an Amended Complaint that is still pending before the court.

Rental Agreement with Carrington Square Apartments, whereby Section 8 benefits are paid to supplement Plaintiff's rent in exchange for Plaintiff's occupancy of the leased apartment which Plaintiff otherwise could not afford due to his disability and lack of income." Complaint ¶ 47.

In July 2021, Plaintiff claims he was evicted. The reason for this alleged eviction is disputed. Defendants claim it was to meet a construction remodeling deadline. In contrast, Plaintiff alleges he was discriminated against due to his disability and income source. According to Plaintiff, each of the Defendants had a role in this discrimination from bad legal advice offered by the Law Offices of Kirk A. Cullimore to Carrington Square Apartment's refusal to renew his lease. Plaintiff also asserts Defendants failed to install ADA compliant amenities in his apartment despite multiple requests to do so. For example, Plaintiff claims he requested safety grab bars in his bathroom. This request was denied, which led to injuries sustained from a fall. Plaintiff brings claims for Utah Fair Housing Act violations, discrimination, breach of contract, violations of the American with Disabilities Act, negligence, and fraudulent misrepresentation. The current dispute centers on Plaintiff's responses to Defendants' discovery requests.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered proper if there is, "any possibility" that the information sought may be relevant to the

claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001).

All discovery, however, is subject to the proportionality limitations imposed by Rule 26. Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits. For example, a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery, when justice requires, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).

## DISCUSSION

Defendants argue Plaintiff has failed to provide complete responses to discovery requests. "Plaintiff produced zero documents in his initial disclosures (aside from authorizations to release medical records) and zero new documents in response to Defendants' requests." (ECF No. 55 p. 1-2.) In addition, the answers given to Defendants' interrogatories are according to Defendants, incomplete. Defendants also request incurred attorney fees. In response, Plaintiff "defers to [the] objections [already made] as the basis for the objection to the motion to compel and directs all further questions to the Court." (ECF No. 58 p. 1.) The court turns to the respective requests as categorized by Defendants in their motion.

**I.      Witnesses in response to Interrogatories 6, 13, 23-25, and 35**

At the outset the court sets forth these Interrogatories and Plaintiff's responses to provide guidance to the parties in hopes of increasing their cooperation with each other during the

3

discovery process.[3] These respective Interrogatories all relate to witness information that Defendants seek. The Interrogatories and responses are as follows.

> INTERROGATORY NO. 6: Identify all persons including expert witnesses who Plaintiff believes will testify that Plaintiff's fall in the shower at Carrington Square would have been prevented if the shower would have had grab bars installed.
> RESPONSE TO INTERROGATORY NO. 6: Plaintiff did not fall in the shower. Plaintiff will testify that his fall would have been prevented if grab bars and other ADA compliant fixtures had been installed in his bathroom and throughout his apartment.
>
> INTERROGATORY NO. 13: Identify all persons known to Plaintiff to have knowledge of the events alleged in Plaintiff's Complaint relating to Plaintiff's request for grab bars, Plaintiff's receipt of notice of non-renewal of his lease with Carrington Square or Plaintiff's request for an ADA compliant apartment after Plaintiff received notice of the non-renewal of his lease.
> RESPONSE TO INTERROGATORY NO. 13: The names of these individuals are in possession of the defendants and/or were previously provided in Plaintiff's Initial Disclosures. Plaintiff anticipates that further discovery will reveal the identification of further individuals in possession of this information.
>
> INTERROGATORY NO. 23: With regard to Plaintiff's allegation contained in paragraph 65 which allege that "Defendant informed Danny that he was affirmatively not permitted to install any ADA-compliant amenities in his premise despite their absence" state:
>     a. Who provided that information to Plaintiff?
>     b. When was that information provided to Plaintiff?
>     c. And identify any person with knowledge of the allegations contained in paragraph 65 of Plaintiff's Complaint.
> RESPONSE TO INTERROGATORY NO. 23: Plaintiff objects to this interrogatory to the extent it describes ADA-compliant bathroom appliances as "amenities" since these appliances are essential to a handicapped individual and are merely amenities to those lucky enough to not have a handicap. Notwithstanding and without waiving the foregoing objections, various employees of Defendants informed Plaintiff he was not permitted to install any ADA-compliant essential appliances in his residence. This information is in the possession of Defendants.
>
> INTERROGATORY NO. 24: Identify what other individuals were provided with alternative accommodations around the time of the construction remodeling project, as alleged in paragraph 66 of Plaintiff's Complaint.

---

[3] If the reader desires further detail about the subsequent requests, they are directed to Plaintiff's opposition and the attached responses to the discovery requests. (ECF No. 58-1.)

> RESPONSE TO INTERROGATORY NO. 24: Plaintiff is aware of other tenants who were provided with alternative accommodations around the time of the construction remodeling project but does not know these individuals' names presently.
>
> INTERROGATORY NO. 25: Identify any source of your claim that Carrington Square informed Plaintiff that he "need not apply" to be a resident of the Carrington Square apartments, as implied in paragraph 72 of Plaintiff's Complaint.
> RESPONSE TO INTERROGATORY NO. 25: Plaintiff was informed that there were no alternate accommodations available for him and, therefore, an application to apply would prove fruitless. The exact identifies of these individuals are Defendants' possession, custody and control.
>
> INTERROGATORY NO. 35: Identify every individual, including their name, telephone number and email address, with whom you have spoken about any of the allegations you have made in this lawsuit.
> RESPONSE TO INTERROGATORY NO. 35: Plaintiff objects to this interrogatory to the extent that the interrogatory seeks information beyond the scope of an interrogatory.

(ECF No. 58-1 p. 4, 6-8, 9-10.)

In reviewing the responses to these interrogatories, the court notes the following deficiencies:

- The response to interrogatory No. 6 fails to provide the names of any other witnesses that will testify. It provides Plaintiff will testify but is confusing because it states Plaintiff did not fall in the shower, however, if grab bars and other ADA compliant fixtures had been installed, his fall would have been prevented. Plaintiff is ORDERED to supplement this response and identify any other witnesses that will testify, and Plaintiff is to clarify the nature, extent, and where he fell.

- The response to interrogatory No. 13 relies on information provided in Plaintiff's initial disclosures, yet Defendants argue "Plaintiff produced zero documents in his initial disclosures (aside from authorizations to release medical records)". (ECF No. 55 p. 1.) Plaintiff does not refute Defendants' argument. The response is improper and

5

insufficient. Plaintiff is ORDERED to supplement it and identify the information Plaintiff possesses and not simply rely on Defendants' information or rely on initial disclosures that are insufficient.

- In similar fashion, a response stating "various employees of Defendants informed Plaintiff he was not permitted to install any ADA-compliant essential appliances in his residence" without more is insufficient and too general. (ECF No. 58-1 p. 7-8.) Plaintiff is ORDERED to supplement its response. If Plaintiff does not know the name of the "various employees" at this time, then that is to be stated in the response. Interrogatory No. 23, like many of the Interrogatories at issue, are "contention interrogatories" because they "ask[s] a party: to state what it contends, ... [or] to state all the facts upon which it bases a contention." *Everett v. USAir Grp., Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) (quoting *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)) (internal quotation marks omitted). This type of interrogatory can be challenging, yet "it is well settled that contention interrogatories that seek non-privileged information are permissible and warrant a response." *English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 19 (D.D.C. 2017); see also *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 448 (D. Utah 2020).

- The response to Interrogatory No. 24 is sufficient because Plaintiff does not know the name of other tenants at this time. To provide a usable response, Plaintiff will need the benefit of fact discovery.

- Interrogatory No. 25 is also a contention interrogatory. Plaintiff's response does not identify the alleged individuals by name, but generally states he was informed there were no alternate accommodations. Currently the answer is sufficient. Once further discovery

proceeds Plaintiff is to supplement his response. Fed. R. Civ. P. 33(a) ("the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

- Plaintiff objects to Interrogatory No. 35 stating it seeks information beyond the scope of the interrogatory. This objection is overruled. Plaintiff is to provide the requested information as it is relevant and proportional to the needs in this case.

II.     **Relevancy and scope of Interrogatives 8, 27, 31-35, and Requests for Production 3, 6, 7, 9, 13 and 16.**

As noted previously, courts broadly construe relevance at this stage of the litigation, and a discovery request is considered proper if there is, any possibility that the information sought may be relevant to the claim or defense of any party. With that standard in mind the court turns to the discovery requests.

Although Plaintiff objected to Interrogatory No. 8 as irrelevant, he went on to sufficiently answer it. Plaintiff described the actions he took to secure a new apartment and where he resided after leaving Carrington Square. No further supplementation is needed.

Interrogatory No. 27 states "State whether between the alleged date that Plaintiff broke his leg on May 7, 2021 and the date of the non-renewal of his lease on July 31, 2021, Plaintiff ever alleged in any written document that Defendants were responsible for his accident." (ECF No. 58-1 p. 8.) Plaintiff objected to the relevancy of this interrogatory. This objection is overruled. Under the broad relevance standards this Interrogatory is relevant, and Plaintiff is ordered to answer it.

Interrogatory numbers 31-35 focus on complaints made by Plaintiff to governmental entities, facts behind Plaintiff's allegation that Defendants' action was "intentional, willful and

malicious", the calculation of money damages by Plaintiff, how Plaintiff "suffered any exacerbation or aggravation of any underlying conditions", and those to whom Plaintiff has spoken about the allegations in the Complaint. Plaintiff objected to these interrogatories responding to each "Plaintiff objects to this interrogatory to the extent that the interrogatory seeks information beyond the scope of an interrogatory." (ECF No. 58-1 p. 9.) These objections are repetitive and nonsensical. These interrogatories are relevant, and Plaintiff's objections are overruled.

Plaintiff's objections to request for production numbers 3, 6, 7, 9, 13, and 16 are basically identical to the objections made to the preceding interrogatories. For example, Plaintiff objects to request for production No. 3 stating "Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of interrogatories." (ECF No. 58-1 p. 11.) Identical language is used in response to request for production number 6, 7, and 9. In response to request for production 13 Plaintiff states nearly identical language and in response to number 16 Plaintiff simply states, "Not applicable." The court is troubled by these responses. They exhibit an apathetic lackadaisical attitude toward Plaintiff's discovery obligations under the Federal Rules. These objections are overruled and Plaintiff is ordered to provide responsive documents and information.

### III.    Responses to Interrogatories 10, 12, 15, 17, 21, 25, 29, 30, and 32-35

Plaintiff is to update the length of time he lived at the Hilton Hotel in response to Interrogatory No. 10.

Plaintiff's response to Interrogatory No. 12 is sufficient.

Plaintiff responded to Interrogatory No. 15 by stating that the "information is equally in the possession of Defendants." Plaintiff is to amend his response and provide the names of

"persons known to Plaintiff" and not simply reply on information in possession of Defendants. (ECF No. 58-1 p. 6.)

Interrogatory No. 17 seeks Plaintiff's opinion as to what is required to constitute sufficient and proper notice in evictions proceedings. The response deferring the question to the court is improper. Plaintiff is to supplement and respond regarding his opinion.

The response to Interrogatory No. 21 is sufficient.

The court addressed Interrogatory No. 25 previously.

In addition to directing Defendants to his medical records, Plaintiff is to respond to Interrogatory No. 29 by identifying other accidents suffered while a tenant at the Carrington Square Apartments. Medical records alone, may not provide detail of where an accident occurred.

The response to Interrogatory No. 30 is sufficient as the medical records will provide the names of all doctors that have treated Plaintiff in the last 10 years.

The remaining Interrogatories have been addressed by the court.

IV.     **Evidentiary support for responses to Interrogatories 16, 19, and 22-23**

Interrogatory No. 16 seeks "all evidence in support of the claim contained in paragraph 52" of the Complaint. In response Plaintiff provides that he was wrongfully evicted without providing him reasonable accommodations to live elsewhere. The court finds this response sufficient now given that discovery will be needed to better answer this request. Plaintiff is to supplement it once further discovery has occurred.

In similar fashion, the court finds the responses to Interrogatories No. 19, and 22-23 are sufficient as to the evidentiary support at this time. They will require discovery to provide a

useable response and Plaintiff is to supplement its answers upon relevant discoverable information.

## V. Interrogatory 37

Interrogatory No. 37 states: "If your answer to any of the Requests for Admission was anything other than an unqualified admission, explain the reason for not admitting each Request for Admission." (ECF No. 58-1 p. 10.) Plaintiff responded: "The reason the request was not admitted is provided in the response to the request." *Id.* Defendants assert Plaintiff failed to respond because no reasons are given.

The court has reviewed the requests for admission and the responses. The general pattern of the answers consists of Plaintiff not admitting the request, followed by no further explanation. For example, request No. 5 states "Admit that Carlson's former apartment at Carrington Square was actually remodeled along with several other apartments." The response states "Plaintiff does not admit Request No. 5." (ECF No. 58-1 p. 13.) This scenario is repeated in the other answers offered by Plaintiff. Thus, Plaintiff's response to Interrogatory No. 37 is of little value and insufficient under the Federal Rules. Plaintiff is ordered to supplement his answer to Interrogatory No. 37.

## VI. Documents such as lease agreements, communications, administrative hearing materials, and details of claim

Plaintiff provides no substantive response to Defendants' assertions that documents have not been provided. And based on the record before the court, the court has no reason to find that Plaintiff has sufficiently complied with this request. Accordingly, Plaintiff is ORDERED to provide documents in response to Defendants' requests.

**CONCLUSION AND ORDER**

As set forth above the court GRANTS in PART and DENIES in PART Defendants' motion. Plaintiff is to supplement the discovery responses as outlined above within thirty (30) days from the date of this order. The court admonishes the parties to give better efforts than have been shown thus far in cooperating with each other during discovery. Plaintiff should respond more fully to discovery requests. And Defendants shot gun approach in bringing a motion regarding nearly every discovery response is improper, especially when many of the responses depend on further discovery in this case. A party cannot expect to prevail based on one set of contention interrogatories early in a case. The court DENIES Defendants' request for fees finding other circumstances making it unjust based on the facts before the court in this respective dispute. Fed. R. Civ. P. 37.

    IT IS SO ORDERED.

    DATED this 8 May 2023.

_____
Dustin B. Pead
United States Magistrate Judge