IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANNY CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON SQUARE LLC et al.,<br><br>Defendants. | **MEMORADUM DECISION AND ORDER DENYING MOTION TO STRIKE**<br><br>Case No. 2:22-cv-00372-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court is a Motion to Strike Plaintiff Danny Carlson's Thirteenth Cause of Action.[1] The Motion was filed by Defendants Carrington Square LLC, FourSite Property Management LLC, and Bach Homes LLC (Carrington Defendants).[2] For the reasons explained below, the Motion is denied.

**PROCEDURAL HISTORY**

Carlson initiated this action in federal court, asserting claims against the Carrington Defendants and Defendants The Law Offices of Kirk A. Cullimore, Kirk A. Cullimore, and David R. Todd (Cullimore Defendants).[3] He later moved to amend the Complaint, seeking to add several new parties and claims.[4] Relevant here, the Proposed Amended Complaint included a new conspiracy claim asserted against "Defendants, collectively."[5]

---

[1] ECF 72, *Motion to Strike*. The moving Defendants state this is a "Motion for Judgment on the Pleadings, or, in the alternative, Motion to Strike." *Id.* at 1. The court construes this as a Motion to Strike.

[2] *Id.*

[3] ECF 5, *Complaint*.

[4] ECF 49, *Motion to Amend*.

[5] ECF 49-1, *Proposed Amended Complaint* ¶¶ 297–302.

1

The Carrington Defendants and Cullimore Defendants separately opposed the Motion to Amend.[6] In their Opposition, the Carrington Defendants argued the Motion to Amend was untimely and the Proposed Amended Complaint was futile.[7] Specifically, they argued it would be futile to add Proposed Defendants Bach Investments LLC, Bach Team LLC, Early Retirement LLC, My Mission Fund LLC, Bach LLC, and RAR Holdings LLC (Proposed Carrington Defendants).[8] The Carrington Defendants did not argue it would be futile to add a conspiracy claim against existing Defendants.[9] Similarly, the Cullimore Defendants challenged the addition of Proposed Defendant Cullimore, P.C. but did not challenge the conspiracy claim against existing Defendants.[10]

The court heard oral argument and gave an oral ruling granting in part and denying in part the Motion to Amend.[11] The court denied the Motion in part because it would be futile to add Cullimore, P.C. and the Proposed Carrington Defendants.[12] It granted the Motion insofar as it sought to add Proposed Defendants XYC Corporation and the HUD Secretary because no party opposed those additions.[13] In a Minute Order, the court stated,

> The Motion is DENIED insofar as it seeks to add Cullimore, P.C.; Bach Investments, LLC; Bach Team, LLC; Early Retirement, LLC; My Mission Fund, LLC; Bach, LLC; and RAR Holdings, LLC as defendants. It is also denied insofar as it seeks to add allegations or claims specific to those parties. The Motion is GRANTED insofar as it seeks to add XYC Corporation and the HUD Secretary as defendants, and any allegations or claims specific to those parties.[14]

---

[6] ECF 51, *Carrington Opposition*; ECF 50, *Cullimore Opposition*.

[7] *Carrington Opposition* at 5–10.

[8] *Id.* at 2, 8–10.

[9] *See id.*

[10] *Cullimore Opposition* at 1–6.

[11] ECF 68, *Aug. 31, 2023 Minute Order*; ECF 69, *Hearing Transcript*.

[12] *Hearing Transcript* at 20–32.

[13] *Id.* at 32.

[14] *Aug. 31, 2023 Minute Order*; *see also Hearing Transcript* at 33–34.

Carlson later filed an Amended Complaint, including the permitted Defendants and a conspiracy claim asserted against "Defendants, collectively."[15]

The Carrington Defendants moved to strike the conspiracy claim, arguing the court's ruling did not permit Carlson to include new claims against them.[16] The Motion to Strike is fully briefed and ripe for review.[17]

## LEGAL STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## DISCUSSION

The Carrington Defendants argue the conspiracy claim is "impertinent" because it was not permitted by the court.[18] For the reasons explained below, the court disagrees.

The Carrington Defendants are correct that the court's ruling and Minute Order did not expressly state Carlson could include the conspiracy claim.[19] But they omit important context—their Opposition to the Motion to Amend did not challenge the inclusion of the conspiracy

---

[15] ECF 70, *Amended Complaint* ¶¶ 278–83.  The court ordered Carlson to file his Amended Complaint within fourteen days of receiving the hearing transcript. *Aug. 31, 2023 Minute Order*; *Hearing Transcript* at 34–36. Carlson filed his Amended Complaint nineteen days after the transcript was filed. *Compare Hearing Transcript* (filed Sept. 8, 2023), *with Amended Complaint* (filed Sept. 27, 2023).  He did not request an extension.  Under Rule 6 of the Federal Rules of Civil Procedure, courts may strike untimely filings. *See* Fed. R. Civ. P. 6(b).  Defendants did not argue they were prejudiced by the five-day delay, and the court perceives no prejudice.  Accordingly, the court will allow the untimely Amended Complaint.  But the court cautions Plaintiff's counsel to be mindful of court deadlines and request extensions if needed—the court might not allow untimely filings in the future.

[16] *Motion to Strike*.

[17] ECF 73, *Carlson's Opposition*; ECF 77, *Carrington Defendants' Reply*.

[18] *Motion to Strike* at 4. Carlson sought to amend his Complaint more than 21 days after responsive pleadings were filed, so he required "the court's leave." *See* Fed. R. Civ. P. 15(a).

[19] *See Aug. 31, 2023 Minute Order*; *Hearing Transcript* at 33–34.

3

claim.[20]  Had they opposed the conspiracy claim, the court would have addressed that claim in its ruling.  But they did not, and the court focused on the arguments they did make.[21]

To the extent the court suggested Carlson could include a conspiracy claim only if it was limited to XYC Corporation and the HUD Secretary, that was inadvertent.  Again, the court was resolving the arguments before it, and Defendants did not oppose the conspiracy claim against them.[22]  And because courts "should freely give leave [to amend] when justice so requires," the court will not construe its ruling narrowly.[23]

## CONCLUSION

For these reasons, the Motion to Strike[24] is DENIED.  Because the Motion was unsuccessful, the Carrington Defendants are not entitled to their requested attorney's fees.[25]

SO ORDERED this 27th of October 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[20] *See Carrington Opposition*.

[21] *See id.*; *Hearing Transcript*.  The Carrington Defendants argued the Motion to Amend was untimely and unduly prejudicial.  *Carrington Opposition* at 5–7.  Had this argument been successful, it would have prevented new claims, including conspiracy.  But it was not successful.  *Hearing Transcript* at 17–20.  Moreover, this argument challenged the timing of the Motion and did not directly challenge the conspiracy claim.  *See Carrington Opposition* at 5–7.

[22] *See Carrington Opposition*; *Cullimore Opposition*.

[23] *See* Fed. R. Civ. P. 15(a)(2); *see also Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.").

[24] ECF 72.

[25] *See Motion to Strike* at 5 (requesting fees).  Carlson requests the court "direct the Sheriff serve the parties based upon the motion to proceed in forma pauperis as previously executed with the original Complaint." *Opposition* at 5.  If Carlson is seeking relief, he must file a separate motion.  *See* DUCivR 7-1(a)(3).