IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANNY CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON SQUARE LLC et al.,<br><br>Defendants. | **MEMORADUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR RELIEF AS COUNSEL**<br><br>Case No. 2:22-cv-00372-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court is Attorney Amanda S. Reynolds's Motion for Relief as Counsel.[1] For the reasons provided below, the Motion is denied without prejudice.

Reynolds seeks permission to withdraw as Plaintiff Danny Carlson's counsel, stating she is "no longer able to financially sustain the prosecution of the case."[2] Carlson does not presently have other representation.[3] Under these circumstances, Reynolds may not withdraw without leave of court.[4] An attorney seeking leave to withdraw must file a motion, including specific information and a proposed order.[5]

Reynolds's Motion includes some but not all necessary information.[6] For example, it does not provide Carlson's "last-known contact information including mailing address, email

---

[1] ECF 98, *Motion for Relief as Counsel*.

[2] *Id.* at 2.

[3] *See id.*

[4] DUCivR 83-1.4(b)(2).

[5] *Id.*

[6] *Motion for Relief as Counsel*. Defendants do not oppose Reynolds's request to withdraw, but they do oppose her request for a 90-day stay. ECF 99, *Defendants' Response*. They contend the 21-day stay provided by the local rule is sufficient. *Id.*; *see also* DUCivR 83-1.4(c)(1).

1

address, and telephone number or an explanation why the information is unavailable."[7]  Nor does the Motion include "a statement of whether [Carlson] does or does not consent to the withdrawal."[8]  Additionally, the Motion does not explain "the status of the case including any pending motions, the dates and times of any scheduled hearings, and requirements under any existing court orders or rules."[9]

It is also unclear whether Reynolds still seeks to withdraw.[10]  In her Reply, Reynolds explains "the relief requested now is not relief as counsel, but relief from unduly fees and costs associated with prosecuting this case as a pro bono attorney on behalf of an indigent client who also has no monies to fund the litigation."[11]  She thus requests "financial relief in the form of access to the Courthouse for further depositions and discovery, or access to a Court reporter who can conduct the depositions via Zoom at little to no cost for Plaintiff other than the cost of the transcript if requested."[12]  However, she still appears to seek withdrawal as an alternative form of relief.[13]

Because the Motion for Relief as Counsel does not provide all required information, it is denied without prejudice.  If the Motion is refiled, it must comply with the local rules and provide all necessary information.[14]  Reynolds's other requested relief—presented for the first time in Reply—is also denied without prejudice because parties may not make a motion in a

---

[7] DUCivR 83-1.4(b)(2)(B).

[8] *Id.* R. 83-1.4(b)(2)(C).

[9] *Id.* R. 83-1.4(b)(2)(D).

[10] *See* ECF 101, *Reply*.

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 3 (requesting "access to a free court reporter for Defendants' depositions and non-party depositions if necessary, or, alternatively, . . . assistance in locating appropriate and competent counsel for the Plaintiff").

[14] DUCivR 83-1.4(b); *see also id.* R. 83-1.4(b)(G) (requirements for proposed order).

response or reply.[15] If Reynolds pursues this relief in a motion, it must cite supporting authority.[16]

        SO ORDERED this 17th day of January 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[15] *Id.* R. 7-1(a)(3).

[16] *See id.* R. 7-1(a)(1)(B).