IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANNY CARLSON,<br><br>            Plaintiff,<br><br>v.<br><br>CARRINGTON SQUARE LLC et al.,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:22-cv-00372-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Danny Carlson's Motion for Summary Judgment[1] against Defendants Carrington Square Apartments, LLC, FourSite Property Management, LLC, and Bach Homes, LLC (the Carrington Defendants).[2]  Because the Motion fails to comply with Federal Rule of Civil Procedure 56 and DUCivR 56, it is DENIED without prejudice.

## BACKGROUND

This matter arises out of Carlson's former residence at an apartment owned or operated by the Carrington Defendants.[3]  Carlson, who suffers from multiple sclerosis, lived in the apartment between 2014 and 2021 and received government assistance to make rent payments due under his lease.[4]  He alleges the Carrington Defendants violated the law by failing to install safety bars in the apartment bathroom and evicting him "due to his disability and source of

---

[1] ECF 82, *Plaintiff's Motion for Summary Judgment*.

[2] Carlson's Motion is not brought against Defendants Kirk A. Cullimore, David R. Todd, or the Law Offices of Kirk A. Cullimore.  *Id.* at 2.

[3] *See generally* ECF 70, *Amended Complaint* ¶¶ 46–111.

[4] *Id.* ¶¶ 46, 52–56, 61–64.

income."[5]

Carlson filed the present Motion on November 16, 2023.[6]  The Motion "moves for summary judgment pursuant to Rule 56 of the Utah Rules of Civil Procedure" against the Carrington Defendants on the first through seventh causes of action stated in Carlson's Amended Complaint: (1) violation of the Utah Fair Housing Act, (2) violation of the federal Fair Housing Act, (3) liability for third party-harassment under the federal Fair Housing Act, (4) disability discrimination under the Americans with Disabilities Act, (5) violation of the Americans with Disabilities Act, (6) breach of contract, and (7) negligence.[7]  The Motion is fully briefed and ripe for review.[8]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment in the federal district courts.[9]  Under Rule 56(a), "a party may move for summary judgment, identifying each claim . . . on which summary judgment is sought," and the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10]  "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way[,]" and a "fact is

---

[5] *Id.* ¶¶ 67–71, 94–100.  The Carrington Defendants deny these allegations and allege they declined to renew Carlson's lease in order to perform necessary renovations.  *Compare id.* ¶¶ 69 *and* ECF 71, *Defendants Carrington Square, LLC, Foresite Property Management, LLC, and Bach Homes, LLC's Answer to Plaintiff's Amended Complaint* ¶ 24.

[6] *See generally* ECF 82.

[7] *Id.* at 21.  Carlson's Motion misnumbers his causes of action, listing both his cause of action for violation of the Americans with Disabilities Act and his cause of action for breach of contract as his "Fifth Cause of Action."

[8] *See* ECF 91, *Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment*; ECF 92, *Plaintiff's Reply in Support of Summary Judgment*.

[9] *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as provided in Rule 81.").

[10] Fed. R. Civ. P. 56(a) (emphasis added).

'material' if under the substantive law it is essential to the proper disposition of the claim."[11]

Rule 56(c)(1) specifies that a party asserting a material fact is not genuinely disputed must support that assertion by "(A) citing to *particular* parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that . . . materials cited do not establish the . . . presence of a genuine dispute."[12]  Furthermore, Rule 56-1(b) of the Local Rules of Civil Practice for the District of Utah requires a motion for summary judgment to include an Appendix of Evidence and "[a] concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law."[13]  The statement of undisputed material facts must "cite with *particularity* the evidence in the Appendix that supports each factual assertion."[14]

## ANALYSIS

As an initial matter, Carlson's Motion is improperly brought under Rule 56 of the Utah Rules of Civil Procedure.  Because the Federal Rules of Civil Procedure apply to all proceedings in the district courts, Federal Rule of Civil Procedure 56 governs Carlson's Motion.

Proceeding under Federal Rule of Civil Procedure 56, the court agrees with Defendants that Carlson's Motion fails because it does not cite specific evidence indicating there are no genuine disputes of material fact such that Carlson is entitled to judgment as a matter of law.[15]

---

[11] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).

[12] Fed. R. Civ. P. 56(c)(1) (emphasis added). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (A movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact").

[13] DUCivR 56-1(b)(3).

[14] *Id.* (emphasis added).

[15] *See* ECF 91 at 4–5, 32–33.

Despite the requirements of Federal Rule of Civil Procedure 56(c) and DUCivR 56-1(b)(3), Carlson's Motion provides almost no citations to the evidentiary record.  Carlson's Motion does contain an Appendix of Evidence[16] and a 63-paragraph Statement of Undisputed Material Facts,[17] but only five of those paragraphs cite any evidence.[18]  Moreover, the five cited paragraphs proffer only basic information about Carlson's identity and the nature of his residence at the apartment.[19]  This falls far short of demonstrating there are no genuine disputes of fact with respect to the essential elements of Carlson's first through seventh causes of action.

Looking beyond Carlson's Statement of Undisputed Material Facts, the introduction to Carlson's Motion incorporates several exhibits by reference,[20] including an Affidavit in which Carlson affirms many of the facts outlined in his Statement of Undisputed Material Facts.[21] However, Carlson's Motion never specifically cites the Affidavit or any other exhibit.  The argument section of Carlson's Motion generally cites several exhibits, but these citations—most of which trail legal analysis or collectively cite multiple documents in their entirety—do not demonstrate the existence or non-existence of any specific fact.[22]

By failing to specifically cite evidence in support of each fact material to his claims, Carlson leaves Defendants—who lack the benefit of a reply—in the untenable position of

---

[16] *See* ECF 82 at 4 ("Exhibit Index").

[17] *See generally id.* at 5–10.

[18] *Id.* at 5 ¶ 1, 3, 4, 5, 8.

[19] *Id.*

[20] *Id.* at 1, 2.

[21] *See* ECF 82-1, *Plaintiff's Affidavit*.  Separately, the court notes that Carlson's Affidavit is inadmissible to the extent it is based on information and belief, as opposed to personal knowledge.  *See Hasan v. AIG Property Casualty Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) (quoting *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1201 (10th Cir. 2015) (stating an affidavit submitted in connection with a motion for summary judgment "must be based on personal knowledge and must set forth facts that would be admissible in evidence"); *see also* Fed. R. Civ. P. 56(c)(4).  To the extent Carlson intends the "Attorney Affirmation" attached to his Motion to function as an Affidavit, the same is true.  *See* ECF 82 at 22–39.

[22] *See* ECF 82 at 16–18, 20.

hypothesizing about what evidence supports his position.  Likewise, Carlson leaves the court unable to carefully examine whether he has satisfied his burden at summary judgment.  It is not the court's responsibility to "comb the record in order to make [Carlson's] arguments for him," and the court will not "prod [him] through rehearsals until the proper performance is achieved."[23]

## CONCLUSION

For the foregoing reasons, the court DENIES Carlson's Motion for Summary Judgment[24] without prejudice.  If Carlson files a renewed motion, it must comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the District of Utah.[25]

DATED this 16th day of May 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[23] *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000); *see also Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020).

[24] ECF 82.

[25] The Local Rules of Civil Practice for the District of Utah are available online at https://www.utd.uscourts.gov/rules-practice.