THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Danny Carlson,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Carrington Square et al.,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-372 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Plaintiff moves to compel Defendants to provide "complete requests to Plaintiff's discovery requests."[1] As set forth herein, the court will grant the motion in part.

　　　　This case arises from Plaintiff's claims that he was evinced in July 2021 and discriminated against due to his disability. Plaintiff brings claims for Utah Fair Housing Act violations, discrimination, breach of contract, violations of the American with Disabilities Act, negligence, and fraudulent misrepresentation.

　　　　Plaintiff argues Defendants have produced "zero documents in their initial disclosures and responses to Plaintiff's demands and solely provided boilerplate objections to Plaintiff's Requests for Admission."[2] Among these alleged failures are incorrect assertions of the attorney-client privilege, failing to produce insurance disclosure information, failing to set forth proper corporate disclosures, a lack of a privilege log, and failing to "delineate any steps taken in the course of their investigation" regarding Plaintiff's discovery demands.

---

[1] ECF No. 126.

[2] Mtn. p. 1.

In response, Defendants ask the court to deny Plaintiff's motion and "allow the parties to make further efforts to resolve any remaining discovery disputes."[3] This request arises from Defendants' assertion that Plaintiff "has not made good faith efforts to resolve these issues without the Court's involvement."

At the outset the court reminds the parties of the relevant discovery standard. Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[4]

Relevance, as viewed in the discovery context, is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense."[5] "Information within this scope of discovery need not be admissible in evidence to be discoverable."[6]

Parties also have obligations under the Federal Rules to provide certain discovery without awaiting a discovery request, these are generally called initial disclosures.[7] Based on Plaintiff's position, the court is concerned that Defendants may have failed to meet these discovery obligations.

---

[3] Op. p. 2.

[4] Fed. R. Civ. P. 26(b)(1).

[5] *Allegis Inv. Servs. v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 WL 11319514 at *2 (D. Utah May 25, 2018) (unpublished).

[6] Fed. R. Civ. P. 26(b)(1).

[7] Fed. R. Civ. P. 26(a).

Withholding certain information based on an alleged privilege also requires certain showings by a party. Among these are the need to produce a privilege log. As set forth in the Federal Rules:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[8]

"The information provided [in a privilege log] must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied."[9] Courts that have required a privilege log generally require the following information:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from # 2);

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; anda showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"

---

[8] Fed. R. Civ. P. 26(b)(5).

[9] *Hill v. McHenry*, No. 99–2026, 2002 WL 598331, at *2 (D.Kan. Apr. 10, 2002) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D.Kan.2000).

7. The number of pages of the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege.[10]

Once again, based on Plaintiff's representations, the court is concerned that Defendants have made claims of privilege, without providing a required privilege log.

Accordingly, the court orders as follows:

First, the parties are ORDERED to meet and confer regarding missing discovery. This meeting is to be in person or via Zoom, and it is to occur within 45 days from the date of this order. The court expects the parties to use their best efforts to resolve discovery disputes.

Second, Defendants are ORDERED to file a privilege log with details as outlined above for any documents that are being withheld based on privilege. Plaintiff's counsel is to be provided this privilege log before the ordered meet and confer.

Third, Defendants are ORDERED to produce within 20 days from the date of this order any initial disclosures that remain outstanding.

Finally, the court ORDERS Defendants to file an affidavit concerning steps taken to provide and respond to Plaintiff's discovery requests. This affidavit is to be filed within 45 days from the date of this order.

Based on the foregoing, Plaintiff's Motion is GRANTED IN PART.[11]

---

[10] *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 232 F.R.D. 669, 673 (D. Kan. 2005) (quoting *Hill*, 2002 WL 598331, at *3.)

[11] The court notes that Plaintiff has filed another motion to compel discovery. The court denied that motion based on a failure to comply with the Local Rules. The court expects the parties to also address any issues arising from the discovery requests that are the subject of the denied motion when meeting to address the instant discovery issues. It appears based on the record that both sides need to renew their efforts to cooperate in the discovery process.

IT IS SO ORDERED.

DATED this 11 October 2024.

_____
Dustin B. Pead
United States Magistrate Judge