THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Danny Carlson,<br><br>                Plaintiff,<br>v.<br><br>Carrington Square et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DISCOVERY<br><br>Case No. 2:22-cv-372 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

    Plaintiff moves to compel Defendants to provide complete responses to his discovery requests.[1]

    This case arises from Plaintiff's claims that he was evinced in July 2021 and discriminated against due to his disability. Mr. Carlson allegedly requested safety grab bars in his bathroom and this request was denied. This led to injuries sustained from a fall. Plaintiff brings claims for Utah Fair Housing Act violations, discrimination, breach of contract, violations of the American with Disabilities Act, negligence, and fraudulent misrepresentation.

    Plaintiff argues the relevant discovery produced by Defendants in this case is "so woeful it is suggestive of deceptive nondisclosure."[2] What has been produced for the most part, is allegedly selective, irrelevant, and not responsive. Defendants object asserting Plaintiff has failed to comply with the local Utah Rules of Civil Procedure. A short form discovery motion "should not exceed 500 words and include only disputed discovery request and responses as exhibits."[3] And Plaintiff's Motion here far exceeds that limit. Furthermore, according to Defendants,

---

[1] ECF No. 136.

[2] Mtn. p. 3.

[3] Op. p. 1 (citing DUCivR 37-1(b).

Plaintiff's representations of making reasonable attempts to resolve this discovery dispute are undermined by Plaintiff's Counsel's actions. Plaintiff's Counsel sent an email on Saturday afternoon seeking additional discovery. The deadline for compliance set by Plaintiff was for two days later, Monday at noon. Finally, Defendants allege they tried to cooperate, asking Plaintiff what additional information needed production, and having not received a response, Defendants assert that "full and complete discovery responses were provided to Plaintiff."[4]

After considering the parties' positions, the court finds Plaintiff's failure to comply with the Local Rules dispositive here. Local Rule 37-1 provides:

> If the discovery dispute remains after reasonable efforts, and the parties need a court order to resolve the dispute, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.[5]

Plaintiff's motion exceeds the 500-word limit. Moreover, the exhibits to the motion also fail to comply with the requirements of the Rule.[6]

Plaintiff did not seek leave to exceed the 500-word limit. Nor did Plaintiff respond to Defendants stated objections in reply, choosing instead, to suggest that efforts to cooperate in discovery would be futile as Defendants "would merely be engaging in further gamesmanship for the sake of delay and further obfuscation."[7] The intent of the Local Rules is to help with the "just, speedy, and inexpensive determination of every action and proceeding."[8] The court will

---

[4] Op. p. 2.

[5] DUCivR 37-1(b)(1) (2023).

[6] DUCivR 37(b)(2)(B) ("include as the only exhibits to the motion a copy of the disputed discovery request and any response").

[7] Reply p. 2.

[8] Fed. R. Civ. P. 1.

not reward a party for its failure to comply with the Local Rules. As such, Plaintiff's motion is DENIED.[9]

        IT IS SO ORDERED.

        DATED this 11 October 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[9] Plaintiff may, if needed, file a different motion to compel after a meaningful meet and confer between the parties if it complies with the Local Rules.