THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Danny Carlson,<br><br>                Plaintiff,<br>v.<br><br>Carrington Square et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00372-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are Plaintiff Danny Carlson's Motion to Compel Discovery[1] and Second Motion to Compel.[2] In addition, Plaintiff moves the court for leave to file excess pages so he can "file an overlength Motion to Compel against Defendants."[3] The court addresses each of the motions herein.

**BACKGROUND**

On August 12, 2024, Plaintiff filed a Motion for Discovery under the Federal Rules of Civil Procedure and Rule 37-1 of the Local Rule of Practice for the District of Utah. Rule 37-1(b) requires short form discovery motions to be no more than 500 words and "include as the only exhibits . . . a copy of the disputed discovery request and any response." Defendants objected to Plaintiff's Motion asserting it "greatly exceed[ed] 500 words and include[d] hundreds of pages of exhibits," which were "not limited to the disputed discovery requests and

---

[1] ECF No. 158.

[2] ECF No. 198.

[3] EF No. 199.

responses."[4] The undersigned agreed with Defendants and denied Plaintiff's Motion finding the failure to comply with the Local Rules dispositive.[5]

Plaintiff filed an Objection to the order on October 14, 2024.[6] Chief Judge Shelby overruled Plaintiff's Objection holding the "court will not bypass the Local Rules based on … retrospective examination"[7] as DUCivR 37-1(a) applies to all discovery disputes, and Plaintiff's Motion failed to comply with the Short Form Discovery requirements. In that Order Chief Judge Shelby also noted that it is "not the first occasion the court has instructed Plaintiff's counsel on the importance of her compliance with the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Utah."[8]

On the same day Plaintiff filed his Objection, Plaintiff also filed another Motion to Compel that is currently pending before the court.[9] Plaintiff again filed the Motion under Fed. R. Civ. P. 37(a) and DUCivR 37-1(b) but asserted that this "motion is not intended as a "short-form" motion given the complexity of discovery at hand. Rather, the motion anticipates substantive legal arguments proffered by Defendants, rather than mere procedural technicalities such as a 500-word "short-form" requirement."[10]

Defendants opposed Plaintiff's Motion on the basis that Plaintiff once again ignored DUCivR 37-1 in filing the motion to compel. The motion exceeds the 500-word limit, and the motion was untimely. Due to Plaintiff's continued violation of DUCivR 37-1 and "his failure to

---

[4] ECF No. 138 at 2, *Defendants Carrington Square, LLC, Foresite Property Management, LLC, and Bach Homes, LLC's Opposition to Plaintiff's Short Form Motion to Compel Discovery*.

[5] *See* ECF No. 156, *Memorandum Decision and Order Denying Plaintiff's Motion for Discovery*.

[6] ECF No. 159, *Objection*.

[7] ECF No. 186 at 4, *Order Overruling Plaintiff's Objection to Magistrate Order*.

[8] *Id.* at 5.

[9] ECF No. 158.

[10] *Id.* at p. 2.

2

comply with a Court Order," Defendants seek their attorney fees associated with responding to the motion.[11]

On December 16, 2024, Plaintiff filed a Second Motion to Compel[12] and a Motion for Leave to File Excess Pages the following day on December 17, 2025.[13] The court addresses each of the motions in turn.

## LEGAL STANDARD

Discovery disputes are governed in this district by both the Local Rules and Federal Rules. Local Rule 37-1(a) requires parties to "make reasonable efforts to resolve a discovery dispute . . . before seeking court assistance" by, "[a]t a minimum," sending "a prompt written communication to the opposing party (A) identifying the discovery disclosure or request at issue, the response, and specifying why the response or objection is inadequate; and (B) requesting to meet and confer, either in person or by telephone[.]"[14] Section 37-1(b) requires short form discovery motions to be no more than 500 words and "include as the only exhibits . . . a copy of the disputed discovery request and any response."[15] In addition a "party may request leave to file an overlength short form discovery motion or response consistent with DUCivR 7-1."[16]

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case . . . ."[17] Information within the "scope of discovery need not be admissible

---

[11] *See* ECF No. 163 at 3, *Defendants Carrington Square, LLC, Foresite Property Management, LLC, and Bach Homes, LLC's Opposition to Motion to Compel.*

[12] ECF No. 198, *Plaintiff's Second Short Form Motion to Compel Discovery.*

[13] ECF No. 199, *Plaintiff's Motion for Leave to File Excess Pages (Motion to Compel or Preclude).*

[14] DUCivR 37-1(a) (2024).

[15] DUCivR 37-1(b)(2)(B).

[16] *Id.* at (b)(6).

[17] Fed. R. Civ. P. 26(b)(1).

in evidence to be discoverable."[18] And, while "the scope of discovery under the federal rules is broad, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."[19] As a result, "the court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[20]

## ANALYSIS

### I.  Plaintiff's October 14, 2024, Motion to Compel Fails to Comply with the Local Rules

On October 14, 2024, Plaintiff filed a Motion to Compel under Federal Rule 37(a) and Local Rule 37-1(b) arguing the motion is not intended as a "short-form" motion based on the substantive legal issues. As set forth by Judge Shelby in overruling Plaintiff's Objection to a prior order denying a Motion to Compel, "DUCivR 37-1(b) prescribes Short Form Discovery Motions as the sole means of raising discovery disputes before the court."[21] There are not exceptions or escape valves by filing a discovery motion and claiming it is not intended as a short form motion. On October 11, 2024, the undersigned issued an order denying Plaintiff's Motion for Short Form Discovery finding Plaintiff's failure to comply with the Local Rules

---

[18] Fed. R. Civ. P. 26(b).

[19] *Innovasis, Inc. v. Curiteva, Inc.,* No. 2:23-cv-228 AMA DBP, 2024 WL 3759793, at *1 (D. Utah Aug 9, 2024) (citing *Munoz v. St. Mary-Corwin Hosp.,* 221 F.3d 1160, 1169 (10th Cir. 2000)).

[20] Fed. R. Civ. P. 26(b)(2)(C).

[21] ECF No. 186 at 4. *See* DUCivR 37-1(b) ("If the discovery dispute remains after reasonable efforts, and the parties need a court order to resolve the dispute, the parties (either individually or jointly) must file a Short Form Discovery Motion.").

dispositive.[22] The undersigned finds no reasonable basis to depart from this prior reasoning. Plaintiff's October 14, 2024, Motion also fails to comply with the Local Rules and the court will not reward a party for failing to comply with the Local Rules. The Motion therefore is denied. Plaintiff's allegations of fatal prejudice and, although not an "excuse", pointing to Counsel being a New York based attorney unfamiliar with the Utah Local Rules, does not persuade the undersigned that the Motion should be granted.

Defendants request their attorney fees in opposing Plaintiff's October 14, 2024 Motion to Compel. Candidly Plaintiff's Counsel's repeated failures to comply with the Rules tilts toward granting fees. However, the court will exercise its discretion and provide Plaintiff's Counsel one last free pass. Future failures outside of the current pending motions will not be looked upon so favorably. Defendants' request for attorney fees is denied.

## II. Plaintiff's Second Motion to Compel

On December 16, 2024, Plaintiff filed a Second Motion to Compel under Federal Rule 37(a) and DUCivR 37-1(b). This Motion complies with the short form discovery requirements. Plaintiff seeks "complete responses to Plaintiff's discovery requests in compliance with Judge Mead's [sic] October 11, 2024 Memorandum and Decision."[23]

In accordance with the court's order the parties met and conferred regarding discovery, and Defendants provided a privilege log, additional documents to supplement their initial disclosures, and filed an Affidavit "concerning steps taken to provide and respond to Plaintiff's discovery requests."[24] Plaintiff argues Defendants have "only furnished incomplete responses

---

[22] ECF No. 156 at 2.

[23] ECF No. 198 at 1.

[24] ECF No. 155 at 4, *Memorandum Decision and Order*.

founded upon improper objections."[25] The privilege log is "deficient, incomplete, improper and fails to comport with the Court's directive."[26] Moreover, no insurance disclosures have been provided, the privilege log should be amended and revised to comply with the Rules, and the documents sought should be disclosed, or in the alternative, Defendants should be precluded from offering evidence at trial to assert their defenses and rebut Plaintiff's claims.[27]

As set forth in the courts' prior order, under the Federal Rules:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[28]

"The information provided [in a privilege log] must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied."[29] Courts that have required a privilege log generally require the following information:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from # 2);

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence

---

[25] ECF No. 198 at 3.

[26] *Id.*

[27] *See id.*

[28] Fed. R. Civ. P. 26(b)(5).

[29] *Hill v. McHenry*, No. 99–2026, 2002 WL 598331, at *2 (D.Kan. Apr. 10, 2002) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D.Kan.2000).

   supporting any assertion that the document was created under the supervision of an attorney;"

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"

7. The number of pages of the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege.[30]

With these standards in mind the court turns to consider Plaintiff's arguments and Defendants' privilege log.

  At the outset the court notes that Defendants' "agreed to modify the privilege log to include information related to the identification of individuals included in emails that were listed on the privilege log."[31] Defendants are ordered to provide this agreed upon modification as that information is necessary to determine any claim of privilege. The court has carefully reviewed the privilege log and notes it contains information such as the date, description of document or communication, the parties involved, the privilege claimed, and the purpose of the communication. With the addition of Defendants agreed modification the privilege log is close to complying with the court's prior order. However, as set forth above and in the prior order, the privilege log is also to identify the person(s) by name who prepared the document and the

---

[30] *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 232 F.R.D. 669, 673 (D. Kan. 2005) (quoting *Hill*, 2002 WL 598331, at *3.)

[31] ECF No. 200 at 10, *Affidavit Concerning Steps Take to Provide and Respond to Plaintiff's Discovery Requests.*

identity of the person(s) for whom the document was prepared, as well as the identities of anyone to whom copies of the document or communications were provided. The privilege log lists a column for "Parties Involved", but more detail is needed to discern whether the privilege was waived, for example, by sending a copy to a nonparty. Also missing is the number of pages for the document. The court agrees with Plaintiff that the privilege log should be amended, and Defendants are ORDERED to do so. Defendants are to provide the categories of information set forth above so their claim of privilege can be assessed.

Next, Plaintiff claims that no insurance disclosures have been provided. Defendants noted that additional documentation regarding any outstanding initial disclosures were provided to Plaintiff. It is unclear whether this information included any alleged insurance disclosures. If they did, then there is nothing more to compel. If not however, Defendants are to provide such information.

Finally, the court declines to enter the harsh sanctions Plaintiff alternatively seeks – precluding Defendants from offering evidence at trial. Although the discovery process has not been perfect, Defendants' conduct, and discovery production, does not warrant such extreme measures at this time. In addition, the court is not persuaded at this time that the alleged privileged documents should be produced. Once a complete privilege log is produced the court then can make that assessment.

### III.  Plaintiff's Motion to File Overlength Motion to Compel

On December 17, 2024, Plaintiff filed a Motion to file overlength Motion to compel pursuant to DUCivR 7-1(7).[32] Under DUCivR 37-1(b)(6) "A party may request leave to file an

---

[32] ECF No. 199.

overlength short form discovery motion or response consistent with DUCivR 7-1."[33] DUCivR 7-1 provides in relevant part

> a party must first obtain a court order authorizing the additional pages or words before filing a motion …. The motion must be filed, and the order obtained, before filing the overlength motion, …. The motion to exceed the page or word limit must include:
> (i) the number of additional pages or words that are needed; and
> (ii) a statement of good cause why additional pages or words are needed.[34]

Plaintiff points to his Motion filed on October 14, 2024, noting that it was "denied upon the basis that it was overlength."[35] Plaintiff "moves to file a motion to compel … that is approximately 15 pages in length to allow Plaintiff the opportunity to be heard with respect to critical outstanding discovery that was not furnished by Defendants despite repeated requests."[36] Allegedly, Plaintiff will be "unduly prejudiced" without the sought-after information.

The court GRANTS the request to file an Overlength Motion to Compel. Plaintiff is to file the motion within 7 days. Following which, Defendants are to file any opposition within 14 days.

---

[33] DUCivR 37-1(b)(6).

[34] DUCivR 7-1(a)(7).

[35] ECF No. 199 at 1. Although Plaintiff points to the Motion filed on October 14, 2024, the court presumes Plaintiff intended to refer to the original Motion filed in August as that motion was denied for being overlength and failing to comply with the Local Rules.

[36] *Id.* at 1-2.

ORDER

For the reasoning set forth above, the court:

DENIES Plaintiff's October 14, 2024, Motion to Compel;[37]

GRANTS Plaintiff's Motion to file overlength Motion to Compel;[38] and

GRANTS Plaintiff's Second Motion to Compel as set forth above.[39] Defendants are to provide an updated privilege log within 15 days from the date of this order.

All requests for attorney fees and costs sought by the parties are DENIED.

DATED this 21 January 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[37] ECF No. 158.
[38] ECF No. 199.
[39] ECF No. 198.