THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANNY CARLSON,<br><br>                Plaintiff,<br>v.<br><br>CARRINGTON SQUARE APARTMENTS, LLC, FOURSITE PROPERTY MANAGEMENT, BACH HOMES, LLC, THE LAW OFFICES OF KIRK A. CULLIMORE, KIRK A. CULLIMORE, an individual, DAVID R. TODD, an individual, and DEFENDANTS XYZ CORP.,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00372 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

      Pursuant to Fed. R. Civ. P. 45 Bach Land & Development, LLC, a non-party to this case, objects and moves to quash a subpoena issued by Plaintiff for production of documents.[1] The court grants the motion.

      On October 15, 2024, Plaintiff served a subpoena to produce documents, information, or objects.[2] Bach Land moves to quash for two reasons. First, Plaintiff failed to comply with DUCivR 45-1 "because the Plaintiff did not provide notice to all parties and did not wait the statutory five-day period."[3] Second, Plaintiff seeks discovery of documents after the close of fact discovery and therefore the subpoena is untimely.

      In response "Plaintiff concedes its failure to comply with the notice requirement of Utah Local Federal Rules of Civil Procedure in that Plaintiff did not notify the named Defendants of

---

[1] ECF No. 170.

[2] ECF No. 170-2.

[3] Motion at 2, ECF No. 170

the service five days prior. Plaintiff also concedes that according to the Amended Discovery Order, fact discovery closed."[4] However, Plaintiff argues "Defendants are not prejudiced by the lack of notice"[5] and Bach Land, who is not a party to this action, "is also not prejudiced by the post-fact discovery closure request of the documents."[6] Six days after filing an opposition, Plaintiff filed an Amended Opposition stating that Plaintiff has now complied with the DUCivR 45-1 notice requirements, and a duplicate subpoena was served on Bach Land with counsel accepting it.

    The court is not persuaded by Plaintiff's arguments. The Tenth Circuit has held that Rule 45 "requires notice to be given prior to service of a subpoena."[7] Plaintiff failed to comply with the Rule. Failing to comply with the Rules and being reminded by the court to do so has become an all to frequent pattern in this case.[8]

    Next, although Plaintiff eventually provided notice in compliance with Rule 45, it is still untimely. "Rule 45 subpoenas sought after the discovery cut-off date are improper attempts to obtain discovery beyond the discovery period and should be quashed on this basis."[9] Plaintiff

---

[4] Opposition at 1, ECF No. 170.

[5] *Id.* at 2.

[6] *Id.*

[7] *Butler v. Biocore Med. Techs., Inc*., 348 F.3d 1163, 1173 (10th Cir. 2003).

[8] *See*, *e.g*., ECF No. 186, Order Overruling Plaintiff's Objection to Magistrate Order at 5 ("These rules are not, as Plaintiff's counsel suggests, 'mere procedural technicalities.' They are the building blocks of fair and efficient litigation, and Plaintiff's counsel may not willfully disregard them as she sees fit."); ECF No. 104, Memorandum Decision and Order Denying Without Prejudice Motion for Relief as Counsel at 2 (denying Plaintiff's counsel's Motion for Relief as Counsel without prejudice and instructing Plaintiff's counsel to "comply with the local rules" should she choose to refile); ECF No. 114, Memorandum Decision and Order Denying Plaintiff's Motion for Summary Judgment at 2–3 (denying Plaintiff's Motion for Summary Judgement without prejudice and instructing Plaintiff's counsel to "comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the District of Utah" in future filings).

[9] *Alfwear, Inc. v. Kulkote, LLC*, No. 2:19-CV-00027-CW-JCB, 2020 WL 4196446, at *2 (D. Utah July 21, 2020) (citing H*ickey v. Myers,* No. 09-CV-01307 MAD/DEP, 2013 WL 2418252, at *5 (N.D.N.Y. June 3, 2013) ("When a party issues subpoenas after the discovery deadline has passed to obtain documents the party was aware of before the discovery cutoff date, the subpoenas and discovery requests should be denied.")).

offers no justification for failing to serve the subpoenas before the discovery deadline. Focusing on a lack of prejudice to a non-party is insufficient to justify this untimeliness.

Therefore, Bach Land's Motion is GRANTED.

DATED this 31 January 2025.

_____
Dustin B. Pead
United States Magistrate Judge