THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Danny Carlson,<br><br>      Plaintiff,<br>v.<br><br>Carrington Square et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-372 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion to Compel Discovery from Carrington Square.[1] This matter arises from Plaintiff's claims that he was evicted in July 2021 and discriminated against due to his disability. Mr. Carlson allegedly requested safety grab bars in his bathroom and this request was denied. This led to injuries sustained from a fall. Plaintiff brings claims for Utah Fair Housing Act violations, discrimination, breach of contract, violations of the American with Disabilities Act, negligence, and fraudulent misrepresentation. As set forth herein, the court denies Plaintiff's Motion.

## BACKGROUND

There have been many discovery disputes in this case. Not all however have resulted in progress toward resolution. Plaintiff has struggled at times to comply with the short form discovery rules. These struggles have resulted in multiple court decisions denying discovery motions due these failures.[2] At other times, the court has compelled production of discovery.[3]

---

[1] ECF No. 203.

[2] For example, see Memorandum Decision and Order Denying Plaintiff's Motion for Short Form Discovery dated October 11, 2024, (ECF No. 156) and Memorandum Decision and Order dated January 28, 2025 (ECF No. 202).

[3] *See, e.g.,* Memorandum Decision dated May 8, 2023 (ECF No. 61), Memorandum Decision and Order dated October 11, 2024 (ECF No. 155).

The instant motion came after Plaintiff properly sought leave to file excess pages for a motion to compel.

One theme throughout Plaintiff's discovery motions is the repeated assertion that Defendants discovery production has been so "woeful that it is suggestive of deceptive nondisclosure."[4] In regard to information regarding the construction renovation project, Plaintiff makes an additional serious allegation that "the documents must either be in Defendants' possession or must have been destroyed."[5] Essentially "Defendants' gamesmanship should not be rewarded" and the discovery should be produced.[6]

Plaintiff sets forth the following alleged deficiencies in Defendants' discovery responses:

1. Defendants identified three individuals (Brian Packer, Bonnie LePage and Ralph Burkhardt) as individuals with whom its clients corresponded regarding the rental of a handicapped accessible unit that became available at or around the time Defendants issued Plaintiff his Notice of Non-Renewal, but failed to provide all information regarding these tenants' files (including paperwork related to the timing of the parties' initial contacts, email communications, lease execution, in-office visits, phone calls, etc.) (see, Plaintiffs Letter to Defense Counsel dated June 30, 2024 at 2); See also, Plaintiffs July 31, 2024 Letter to Defense Counsel at 2.

2. The Brian Packer Reservation Agreement was provided, but wholly redacted and failed to include information related to the rental rates, an integral part of Plaintiffs allegations as against Defendants, as set forth in its Motion for Summary Judgment and Reply. Plaintiff requested an unredacted version; Defendants refused.

3. Defendants disclosed client emails but refused to produce the requested attachments referenced therein despite repeated requests; (See, Plaintiffs Letter to Defense Counsel dated June 30, 2024 at 3).

4. Defendants failed to provide the last known addresses and contact information for former employees identified in Defendants' Initial Disclosures. (See, Plaintiffs Letter to Defense Counsel dated June 30, 2024 at 7).

---

[4] Plaintiff's Motion to Compel Discovery from Carrington at 3; *See also* Plaintiff's Motion for Short Form Discovery at 3, ECF No. 136.

[5] Plaintiff's Motion to Compel Discovery from Carrington at 9.

[6] *Id.* at 11.

5. Defendants failed to provide complete insurance information including certified copies of insurance policies, excess insurance information and/or affidavits of excess/no excess insurance, and failed to produce any documentation demonstrating that FourSite Property Management is an additional insured under the Carrington Square AutoOwners' Insurance policy provided (therefore, it failed to provide complete insurance information for FourSite Property Management).

6. In an effort to identify the availability of ADA-accessible apartments at the complex that had become available or would have become available around the time that Danny could have been reasonably accommodated by relocation to one prior to his eviction, Plaintiff submitted to Defendants Interrogatory No. 21 and 23. Interrogatory No. 21 asked Defendants to identify the number of handicap compliant apartments, tenants and units at the premises. Defendants responded that they had 256 units at the Premises in 2021, but did not provided responses to any other aspects of the interrogatory without further specification, which was subsequently provided. To date, Defendants stand on their objection as to the vagueness of the interrogatory, despite that Plaintiff conceded it would adopt the Carrington Defendants' definition of "handicapped" for the purpose of the Interrogatory. See, Exhibit "D".

7. With respect to Interrogatory No. 23, Plaintiff asked Defendants to "identify those tenants whose leases were not renewed during the construction remodeling project and set forth the grounds upon which those leases were not renewed. Defendants responded, "Objection, this Interrogatory is irrelevant, unduly burdensome and not proportional and calls for the disclosure of private individual's information who are not parties to the lawsuit." See, Plaintiffs Letter to Defendants regarding discovery dated June 30, 2024. Plaintiff responded that this information speaks directly to Plaintiff's allegations as against the Carrington Square Defendants who failed to offer Plaintiff a reasonable accommodation (Le., an apartment relocation and transfer in a timely manner). Plaintiff thereafter even limited the request to a time period of six months (from January 2021 until August 2021) but Defendants have refused to provide it. See, Exhibit "D at 8.

8. To the extent that Defendants objected to requests upon the grounds that they were allegedly vague, Plaintiff sought clarification as to what was vague and has received no response. See, Plaintiff s Letter to Defense Counsel dated June 30, 2024. Plaintiff therefore asks that this Court order the disclosure based upon a reasonable interpretation of the requests.

9. Defense counsel objected to providing any documents related to the below upon the grounds that it was allegedly unduly burdensome, while contrarily, disclosing thousands of pages of irrelevant information it found not unduly burdensome to produce including and all documents related to the construction remodeling project, as itemized specifically in Plaintiff s June 30" good faith letter. Counsel

instead directed the undersigned to the contractor, Bach Development, which is an entity in its possession, custody and control []upon information and belief, and which it must have exchanged communications and documentation with in order to implement and execute the construction remodeling project. To the extent that counsel failed to provide the documents, Defendants also neglected to provide an affidavit demonstrating that such a search was conducted, by whom, and what the investigation entailed.[7]

Defendants oppose Plaintiff's Motion on three primary grounds.[8] First, Defendants argue Plaintiff's motion to compel is untimely under the Local Rules. Local Rule 37-1(a) requires parties to "make reasonable efforts to resolve a discovery dispute . . . before seeking court assistance."[9] "At a minimum," these efforts "must include a prompt written communication sent to the opposing party (A) identifying the discovery disclosure or request at issue, the response, and specifying why the response or objection is inadequate; and (B) requesting to meet and confer, either in person or by telephone[.]"[10] If these "reasonable efforts" fail, then a motion to compel must "be filed no later than 45 days after the prompt written communication [as required in Rule 37] was sent to opposing counsel, unless the court grants an extension of time for good cause. Failure to meet the deadline may result in automatic denial of the motion."[11] According to Defendants, the discovery in dispute was sent to Carrington on June 28, 2023. Then approximately 11 months later, on June 30, 2024, Plaintiff raised issues with Carrington's responses. Plaintiff's last correspondence regarding the discovery was on July 31, 2024, with the instant Motion filed January 28, 2025. Thus, this is well after the 45-day requirement for filing a motion compel in the Local Rules.

---

[7] *Id.* at 5-7.

[8] *See* Defendants Carrington Square, LLC, Foursite Property Management, LLC and Bach Homes, LLC's Opposition to Plaintiff's Motion to Compel Discovery from Carrington, (Opposition), ECF No. 208.

[9] DUCivR 37-1(a)(1) (2024).

[10] *Id.* at 37-1(a)(2).

[11] *Id.* at 37-1(b)(2)(C).

Second, Defendants assert Plaintiff's Motion, and his letters, fail to adequately address Carrington's objections. Defendants again cite to the Local Rules that require a prompt written communication, which identifies the discovery at issue, and why the response or objection is inadequate.[12] Defendants further cite to the history of this case. This includes Plaintiff's past deficiencies with letters regarding discovery,[13] the lack of an updated letter regarding deficient discovery responses at the most recent meet and confer, Plaintiff's failure to provide responses as to why Defendants' objections are not valid, and the hundreds of pages of exhibits Plaintiff attaches to his Motion in violation of the Local Rules.[14]

Finally, Defendants argue even if the court considers Plaintiff's Motion despite its untimeliness and the lack of compliance with the Local Rules, Carrington's objections should be sustained because Plaintiff's requests are "overly broad, unduly burdensome and seek irrelevant private information."[15] For example, the requests ask Carrington to disclose a wide array of private information regarding tenants who resided at the Carrington Square Apartments that are not involved in the instant dispute.

In Reply Plaintiff asserts Defendants mischaracterize the record. Plaintiff argues the current Motion was in actuality, filed on August 12, 2024, following good faith efforts to reach

---

[12] *See id.* at 37-1(a)(2)(A).

[13] *See* Order Overruling Plaintiff's Objection to Magistrate Order at 1 fn. 3 ("A review of Plaintiff's communications with Defendants, attached to Plaintiff's Motion as exhibits, undermines his claim that his efforts were in good faith. None of Plaintiff's communications contain an offer to meet and confer consistent with DUCivR 37-1(a)(2)(B). And Exhibit E, an email exchange between Plaintiff's counsel and Defendants' counsel, displays a deeply concerning lack of professional conduct on the part of Plaintiff's counsel in responding to Defendants' questions about Plaintiff's request for additional discovery.").

[14] *See* DUCivR 37-1(b)(2)(B) (instructing litigants to "include as the only exhibits to the motion a copy of the disputed discovery request and any response").

[15] Opposition at 7.

an agreement.[16] Moreover, this written discovery is crucial because of Plaintiff's indigent status and *pro bono* representation that precluded cost-prohibitive depositions.

## LEGAL STANDARDS

Discovery disputes are governed in this district by both the Local Rules and Federal Rules. Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case . . . ."[17] Information within the "scope of discovery need not be admissible in evidence to be discoverable."[18] And, while "the scope of discovery under the federal rules is broad, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."[19] As a result, "the court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[20]

Local Rule 37-1(a) requires parties to "make reasonable efforts to resolve a discovery dispute . . . before seeking court assistance" by, "[a]t a minimum," sending "a prompt written communication to the opposing party (A) identifying the discovery disclosure or request at issue, the response, and specifying why the response or objection is inadequate; and (B) requesting to meet and confer, either in person or by telephone[.]"[21] Rule 37 does not specify a time limit in

---

[16] The court denied this motion to compel based on Plaintiff's failure to comply with the Local Rules.

[17] Fed. R. Civ. P. 26(b)(1).

[18] Fed. R. Civ. P. 26(b).

[19] *Innovasis, Inc. v. Curiteva, Inc.,* No. 2:23-cv-228 AMA DBP, 2024 WL 3759793, at *1 (D. Utah Aug 9, 2024) (citing *Munoz v. St. Mary-Corwin Hosp.,* 221 F.3d 1160, 1169 (10th Cir. 2000)).

[20] Fed. R. Civ. P. 26(b)(2)(C).

[21] DUCivR 37-1(a) (2024).

which a motion to compel must be brought, but a party seeking to compel discovery must do so in a timely manner.[22] The Tenth Circuit provides district courts "broad discretion" to determine the timeliness of a motion to compel, and they "[ordinarily], ... defer to the discretion of the district court in deciding whether a motion is too tardy to be considered."[23]

## ANALYSIS

Carrington alleges, and Plaintiff does not dispute, that the discovery at issue here was sent to Carrington on June 28, 2023. Carrington responded on July 28, 2023. Plaintiff continued to litigate the matter, and eleven months later, on June 30, 2024, Plaintiff first raised issues regarding the discovery responses. Plaintiff's last correspondence with Defendants concerning the discovery was then on July 31, 2024. Approximately two weeks later, on August 12, 2024, Plaintiff filed a Motion to Compel.[24] Plaintiff relies on the August 12, 2024 Motion arguing the current Motion to Compel, filed January 28, 2025, is timely, and Plaintiff has engaged in good faith efforts to comply with the Local Rules.[25] The court denied the August 12, 2024 Motion because it failed to comply with the Local Rules.[26] Relying on a denied motion that failed to comply with the Local Rules to argue timeliness is questionable, and indicative of the persistent problems Plaintiff's counsel has demonstrated in complying with the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Utah.[27] Even if the court adopts

---

[22] *See Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-17-1309-D, 2020 WL 7033965, at *5 (W.D. Okla. Nov. 30, 2020) (finding the plaintiff failed to provide an adequate explanation for the delay in discovery, or offer a compelling reason to extend discovery).

[23] *King v. Cellco Partnership*, No. 2:20-cv-00775-JNP-JCB, 2023 WL 1993875, at *4 (D. Utah Feb. 14, 2023) (citing *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012)).

[24] The August 12, 2024, motion seeks the same information sought in the current motion filed January 28, 2025.

[25] *See* Reply Affirmation at 3, ECF No. 209.

[26] Memorandum Decision and Order Denying Motion for Discovery, ECF No. 156.

[27] *See, e.g.,* Order Overruling Plaintiff's Objection to Magistrate Order at 5, ECF No. 186 (noting the court's repeated direction for Plaintiff's counsel to comply with the Rules); Memorandum Decision and Order Denying Without Prejudice Motion for Relief as Counsel at 2, ECF No. 104 (denying Plaintiff's counsel's Motion for Relief

Plaintiff's argument regarding the August 12, 2024 Motion, waiting eleven months to challenge Carrington's discovery production is still untimely.

Local Rule 37 requires that a motion to compel must "be filed no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause. Failure to meet the deadline may result in automatic denial of the motion."[28] Plaintiff propounded the discovery requests on June 28, 2023. Carrington responded on June 28, 2023. The following year on June 30, 2024, Plaintiff then raised issues with Carrington about its responses. A delay of eleven months between receiving discovery and raising issues about it is not a "prompt written communication" under Rule 37. Although Rule 37 does not specify an explicit time limit within which a motion to compel must be brought, a recent decision from this court found a meet and confer letter sent over four months after receiving discovery responses was untimely.[29] In another recent decision, this court noted waiting 140 days to challenge a privilege log was improper under Rule 37.[30] "A party cannot

---

as Counsel without prejudice and instructing Plaintiff's counsel to "comply with the local rules" should she choose to refile); Memorandum Decision and Order Denying Plaintiff's Motion for Summary Judgment at 2–3, ECF 114 (denying Plaintiff's Motion for Summary Judgement without prejudice and instructing Plaintiff's counsel to "comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the District of Utah" in future filings).

[28] DUCivR 37(b)(2)(C).

[29] *See Pingree v. Univ. of Utah*, No. 2:20-CV-00724-JNP-CMR, 2024 WL 2847944, at *2 (D. Utah June 5, 2024) (denying motions to compel for untimeliness under Rule 37).

[30] *See Ellis v. Salt Lake City Corp.*, No. 2:17-cv-00245-JNP-JCB, 2022 WL 4484557, at *3 (D. Utah Sept. 27, 2022) ("[E]ven if the court excused Ms. Ellis's failure to comply with the requirement of a 'prompt written communication' under DUCivR 37-1(a)(2) by waiting 140 days to challenge Privilege Log #1, Ms. Ellis's short form discovery motion was still untimely filed, warranting automatic denial of the motion."); *see also Boulder Falcon, LLC v. Brown*, No. 2:22-cv-00042-JNP-JCB, 2023 WL 2914343, at *4 (D. Utah Apr. 12, 2023) (holding there is no good cause "for extending fact discovery based upon [a party's] failure to produce" when the moving party "failed to timely seek court intervention to remedy that failure").

ignore available discovery remedies for months" and then move for an order compelling production.[31] The cases relied on by Plaintiff do not compel a different result.[32]

## CONCLUSION AND ORDER

As set forth by this court previously, the Rules are not "procedural technicalities." Rather, they "are the building blocs of fair and efficient litigation" and they cannot be willfully disregarded as needed.[33] The undersigned finds Plaintiff's motion untimely and therefore denies it under Rule 37 as this court has done in other cases.[34]

IT IS SO ORDERED.

DATED this 11 March 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[31] *Butler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000).

[32] Plaintiff cites to a decision from *Bratcher v. Chevron Corp. et al.*, Case No. 1:14-cv-55 TS (D. Utah 2014) (ECF No. 38), issued on June 8, 2016, that granted a motion to compel. In the decision, Magistrate Judge Warner, not Judge Kimball as noted by Plaintiff, cited to Rule 26 in denying certain discovery objections and compelling discovery. Nothing in that decision involved the timeliness of the discovery requests. It is not on point. Similarly, Plaintiff's reliance on a February 1, 2022, decision in *Rains v. Westminister College, et al.*, Case No. 2:20-cv-520 (D. Utah 2020) is unavailing. Magistrate Judge Oberg, not Judge Parrish as noted by Plaintiff, granted a motion to compel personnel files related to a Title VII claim. Timeliness of bringing a motion to compel was not part of the court's decision. *See id.* ECF No. 54. Finally, in *James v. Alpine Sch. Dist.*, Case No. 2:21-cv-596 HCN (D. Utah 2021), this court noted the generous construction of the term "relevant" in employment discrimination cases in ordering the defendants to provide updates to discovery. However, if the discovery did not exist, then there was no obligation to provide it. Once again, timeliness was not at issue like it is in the current dispute. *See id.* ECF No. 85.

[33] Order Overruling Plaintiff's Objection to Magistrate Order at 5, ECF No. 186.

[34] Although the undersigned does not reach Defendants' arguments regarding its objections to the discovery requests, a brief review of Plaintiff's discovery requests and Defendants' arguments does raise concerns. For example, providing tenant information for others not involved in this case creates privacy concerns, the necessity of a certified copy of insurance information is questionable when documentation has already been provided, and if Carrington does not have documents in its possession, the court cannot compel its production.