IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANNY CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON SQUARE LLC et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 2:22-cv-00372-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court is Plaintiff Danny Carlson's Objection[1] to Chief Magistrate Judge Dustin B. Pead's Memorandum Decision and Order Denying Plaintiff's Motion to Compel Discovery.[2] For the reasons explained below, the court OVERRULES Plaintiff's Objection.

## BACKGROUND

On January 28, 2025, Carlson filed a Motion to Compel Discovery under Federal Rule of Civil Procedure 37(a) and DUCivR 37-1.[3] He alleged Defendants Carrington Square Apartments LLC, FourSite Property Management, and Bach Homes LLC had "failed to provide complete responses to discovery requests after good faith efforts to avoid judicial intervention were unsuccessful."[4] After full briefing,[5] Judge Pead denied Carlson's Motion because it was

---

[1] Dkt. 213, *Rule 72 Objection* (*Objection*).

[2] Dkt. 212, *Memorandum Decision and Order* (*Order*).

[3] *See* Dkt. 203, *Plaintiff's Motion to Compel Discovery from Carrington* (*Motion*).

[4] *Id.* ¶ 1.

[5] Dkt. 208, *Defendants Carrington Square, LLC, FourSite Property Management, LLC, and Bach Homes, LLC's Opposition to Plaintiff's Motion to Compel Discovery from Carrington*; Dkt. 209, *Reply Affirmation*.

1

untimely.[6]  Specifically, Judge Pead found Carlson's Motion failed to comply with DUCivR 37 because Carlson waited nearly a year to contest Defendants' discovery responses after Defendants provided them.[7]  Carlson now objects to Judge Pead's decision,[8] and Defendants have responded.[9]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), a district judge "must consider timely objections and modify or set aside" any part of a magistrate judge's ruling on a non-dispositive pretrial matter "that is clearly erroneous" or "contrary to law."  This high standard requires the court to affirm a magistrate judge's ruling unless it is "left with the definite and firm conviction that a mistake has been committed."[10]

## ANALYSIS

Carlson maintains the Order "is shocking to notions of fairness and conscience" and will result in "unfair prejudice" to him "such that justice and equity are eviscerated."[11]  The court disagrees for two reasons.  First, Carlson cites no legal authority suggesting Judge Pead got it wrong.[12]  That alone is sufficient to overrule his Objection.[13]  Second, the court finds no clear error with Judge Pead's analysis.  While Carlson's failure to timely challenge Defendants'

---

[6] *Order* at 8–9.

[7] *Id.* at 8.

[8] *Objection*.

[9] Dkt. 214, *Defendants Carrington Square, LLC, FourSite Property Management, LLC, and Bach Homes, LLC's Response to Plaintiff's Objection to Order on Motion to Compel*.

[10] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citation omitted).

[11] *Objection*.

[12] *See id.*

[13] *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with 'legal authority or argument.'") (quoting *Clark v. State Farm Mut. Auto. Ins. Co.,* 319 F.3d 1234, 1244 (10th Cir. 2003)).

discovery responses as mandated by the Local Rules may result in a litigation disadvantage, asking the court to make an exception for him on these facts would serve to unfairly prejudice Defendants. The court declines to do so.

For these reasons, the court OVERRULES Plaintiff's Objection.[14]

SO ORDERED this 24th day of March, 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[14] Dkt. 213.